CASE 92—PETITION EQUITY—NOVEMBER 26.

## Evans, &c., v. Evans.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

1. PLEADING.—An answer which merely denies "each averment of the petition" constitutes no answer whatever.

2. HUSBAND AND WIFE—AGREEMENT BY WIFE NOT TO SUE FOR ALIMONY.—As a general rule, if a contract between husband and wife be just and reasonable, and would be good at law when made by the husband with a trustee for the wife, it will be upheld in equity. But a contract by the wife with the husband not to sue for alimony for a certain time is against public policy, and is not reasonable and just to the wife, and, therefore, will not be enforced. But the wife seeking equity must render it, and is, therefore, chargeable in an action for alimony with whatever she may have received under the contract.

3. DIVORCE—REJECTION OF AMENDED ANSWER.—In this action by the wife for divorce from bed and board and for alimony upon the ground of abandonment and adultery, as an amended answer setting up adultery by the wife, and asking an absolute divorce from her, was not tendered by the husband until more than six months had elapsed after the pleadings in the case had been made up, the chancellor did not abuse his discretion in refusing to allow it to be filed, the husband admitting that he knew of his wife's adultery when he filed his original answer, the only excuse for the delay being that he did not know by whom he could prove the fact, which seems improbable.

4. ALIMONY.—While this court has no revisory power over a judgment of divorce, yet, in determining whether alimony has been properly allowed, it will enter into a consideration of the entire case. Therefore, although the court refused to allow the husband to plead the wife's adultery, yet the testimony upon that subject is to be considered upon the question of alimony.

Evans, &c., v. Evans.

5. PROOF OF ADULTERY.—Although one witness testifies that the wife was guilty of adultery with him, yet, as he was, so far as the record shows, an entirely willing witness, his testimony is subject to suspicion; and as the chancellor, with knowledge of the parties, disregarded it, this court will not disturb his conclusion upon the question of fact.

6. A JUDGMENT FOR DIVORCE FROM BED AND BOARD may be rendered for any of the causes which allow divorce, "or for such other cause as the court in its discretion may deem sufficient."

In this case abandonment by the husband for a year, and circumstances tending to show an improper intimacy with another woman, were sufficient to entitle the wife to a divorce from bed and board and to alimony.

7. ABANDONMENT.—The refusal of the husband to recognize the existence of the marital relation, or to live and cohabit with the wife, amounts to an abandonment, although they sleep beneath the same roof.

8. FRAUDULENT CONVEYANCE.—A conveyance to the husband's paramour of land paid for by him was properly set aside as fraudulent as to the wife.

9. EVIDENCE OF GENERAL REPUTATION.—The general reputation of either party for good or bad temper can not be shown in a suit for divorce.

10. SAME.—In civil actions evidence of general reputation is not admissible unless the proceeding be such as to put the character of the party directly in issue. And as this was not a proceeding which put the wife's general character in issue, testimony as to her general reputation for unchastity was properly excluded.

11. EXCEPTIONS.—The failure to except to the exclusion of evidence is waiver of error, if any.

12. CLERICAL MISTAKES IN ORDERS OF COURT.—Although an order of continuance in the case adjudges that "the costs of this case" shall be paid by the husband, and an order of allowance of alimony pending the suit recites that it is to be paid to the wife by "the plaintiff," the husband can not complain of these clerical mistakes, the meaning being plain, and the final judgment being correct.

WM. LINDSAY FOR APPELLANTS.

1. The contract with the wife relied upon by the husband is not void. Such contracts are valid where there has been a separation, or where an immediate separation is in contemplation, as was the case here. (Gaines v. Poore, 3 Met., 506; Loud v. Loud, 4 Bush, 460.)

2. The objection to the filing of the amended answer and counterclaim was in the nature of a demurrer, and it was not necessary to except to the order sustaining the objection.

Evans, &c., v. Evans.

3. Where a divorce is asked on the ground of adultery on the part of the defendant, the general character of the plaintiff for chastity is always in issue. And while general reputation may not be admissible as substantive or primary evidence of the act of adultery, it is always admissible in a civil cause as subsidiary to and corroborative of other substantive and direct evidence of the fact. (Wharton on Evidence, vol. 1, sec. 225, and note 7.)

·GEO. W. McCLURE on same side.

1. While ordinarily a contract between husband and wife is not binding upon the wife, yet this is not an ordinary case such as falls within the rule. (Kelly on Contracts of Married Women, 133.)

2. The court erred in rejecting defendant's amended answer and cross-petition. The policy of the law does not favor a multiplicity of actions. (Stewart on Marriage and Divorce, sec. 316; 2 Bishop, on Marriage and Divorce, 341.)

3. It was error to adjudge that defendant should pay the costs of the case before the case was submitted for final hearing.

4." Testimony concerning the general character of plaintiff for high temper and chastity was competent.

5. As to what ·constitutes abandonment within the meaning of the statute, see 1 Am. and Eng. Enc. of Law, p. 3, sec. 2; Becket v. Becket, 17 B. M., 375.

Complainant must allege and prove abandonment, and without fault on her part. (Epling v. Epling, 1 Bush, 75.)

·6. Adultery of the plaintiff constitutes a bar to an action for divorce ; and a single act will bar, whatever the extent of the guilt of the defendant. (Proctor v. Proctor, 2 Hagg., 292; Smith v. Smith, 4 Paige, 432; Mattox v. Mattox, 2 O., 233; 3 Blackford, 202; 2 Paige, 108.)

·7. The court erred in ordering the sale of all or any part of the land of Lucinda K. Loving to satisfy the judgment.

W.. O. BRADLEY, JOHN W. BROWN for appellee.

1. The action of the court in refusing to allow the amended answer to be filed was proper, no reason being given by defendant for his attempt at so late a day to change the issue joined. Besides, he could not maintain this answer as a cross-petition and procure a divorce thereon, as a cross-petition by a defendant can only be maintained against a co-defendant, or a person who is not a party to the action, or both. (Civil Code, sec. 96.)

·2. The court may grant a divorce *a mensa et thoro* for any cause which it in its discretion may deem sufficient. (Gen. Stats., chap. 52, art. 3, sec. 6; Orr v. Orr, 8 Bush, 156). So it matters not in this case whether a twelve months' abandonment has been shown.

:3. Whenever the husband refuses to cohabit with the wife and treat

her as his wife there is an abandonment. He may abandon the wife and yet live in the same house with her. The statute has been changed since the decision in Becket v. Becket, 17 B. M., 375. (2 Rev. Stats., chap. 47, art. 3, sec. 1, sub-sec. 2; Gen. Stats , chap. 52, art. 3, sec. 1, sub-sec. 2).

4. It is not a valid objection to the judgment that the alimony was allowed in gross. The rule allowing periodical payments will be found to apply to allowances *pendente lite*, and not to final allowances. (Gen. Stats., chap. 52, art. 3, sec. 6.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This case presents a sad domestic history. The appellee, E. J. Evans, on June 25, 1889, sued her husband, the appellant A. H. Evans, for a divorce *a mensa et thoro* and alimony. They had lived together for nearly thirty years, and had a numerous family of children. The ground of action, as stated in the petition, is the abandonment by the husband of the wife, without fault on her part, for a year next before the bringing of the suit, and his living in adultery during that time with the appellant Lucinda Loving, who was also made a defendant, it being alleged that the husband had caused his land to be conveyed to her without consideration and in fraud of the rights of the wife.

The answer of the appellant Loving merely says that she denies each averment of the petition relative to her. It, under section 126 of the Civil Code, which requires a specific denial, constitutes no answer whatever. That of the husband, however, sufficiently traverses the petition; and in a second paragraph he avers that the wife agreed with him, in writing, on February 4, 1889, in consideration of three hundred dollars paid to her by him, not to sue him for maintenance within one year. A demurrer was properly sustained to this part of the answer.

By the common law every contract between husband

and wife was void for want of parties. Articles of separation, with an adequate allowance to the wife for her support, made through the instrumentality of a trustee for her, have, however, been upheld; and generally, if a contract between husband and wife merely be just and reasonable, and would be good at law when made by the husband with a trustee for the wife, it will be upheld in equity. It has been said by this court that while a contract made between them when living in amity for the payment of a certain sum by the husband to the wife in view of a future separation would be void as against public policy, yet this would not be so if made on account of previous separation, or in contemplation of immediate separation. Loud v. Loud, &c., 4 Bush, 453.

In other words, some contracts between them are enforced in equity, not because of the agreement merely, but because the transaction, being just and reasonable, the wife has no equity outside of it. Here, the claim of the wife for alimony is met by the plea that she agreed, for a valuable consideration, not to sue for it for a year. Such a contract should not be upheld. It is in violation of public policy; it is inconsistent with the full course of justice; it is not reasonable and just to the wife. The husband, during that period covered by the contract, might dispose of his entire estate. It would likely work a defeat of justice, and render the innocent and unoffending wife a pauper. It does not fully protect her rights, and should not, therefore, be enforced. Brown on Divorce and Alimony, page 270.

Seeking equity, however, she must, of course, render it; and she would, therefore, be chargeable with whatever she may have received under the contract. In this

instance nothing was allowed her until a year had expired from the receipt by her of the three hundred dollars.

More than six months after the filing of his answer, and when that length of time had expired after the pleadings in the case had been completed, the husband offered to file an amended answer setting up adultery by the wife, and asking an absolute divorce from her. He presented with it an affidavit stating that when he filed his answer he knew the facts stated in the amended answer, but did not then know that he could prove them, and had only recently learned that he could do so. It seems probable, if he then knew his wife had committed adultery, that he would also have known by whom he could prove it; and in view of the late day when the amendment was presented, and his knowledge of the matter stated in it when he filed his answer, we can not, to say the least, hold that the chancellor in rejecting it abused that discretion which our practice gives him as to the filing of amended pleadings.

This court has no revisory power over a judgment of divorce, but in determining whether alimony has been properly allowed it will enter into a consideration of the entire case. It is said that the averments of the petition are not proven; that it avers an abandonment for a year, while the evidence shows that the husband left the wife but about four months before the bringing of the action.

An abandonment for a year without fault upon the part of the complaining party is ground, under our statute, for an absolute divorce; but this action is for one *a mensa et thoro*, and our statute provides: "Judgment for separation, or divorce from bed and board, may be rendered for any of the causes which allow divorce, *or for*

*such other. cause as the court in its discretion may deem suffi-cient."* (Gen. Stats., chap. 52, art. 3, sec. 6.)

The evidence, in our opinion, shows an abandonment by the husband for a year. It is true he continued to live at the same place where his wife resided until about four months before the institution of her suit; but the testimony shows that for a year or more he had refused to recognize her as his wife or to live and cohabit with her This amounted to an abandonment, although they slept beneath the same roof.

He says he left her because of her ungovernable temper and abuse of him, but the quarrels evidently arose because of his attentions to his co-respondent. They tend strongly to show an improper intimacy between her and the husband. His conduct was of such a character as gave the wife just cause of complaint, and he is, therefore, the offending party. He was at least most certainly guilty of such conduct and abandonment as warranted the lower court, in the exercise of a sound legal discretion, in finding sufficient cause for a divorce from bed and board.

While the court did not allow the husband to set up the plea of adultery by the wife, yet the testimony relative to it is to be considered upon the question of alimony. The only evidence in this respect which we regard as worthy of any consideration is that of one witness, who testifies, in substance, that the wife offended with him.

So far as this record shows he was an entirely willing witness. He does not appear to have been attached and made to testify. It is not even shown that he was sub-pœnaed as a witness. He was entirely willing to not only destroy the wife, affix a stain to her children and family, but also to testify to conduct degrading to and highly

blamable in himself.   Such evidence is justly subject to suspicion.   It comes in doubtful form.   The lower court doubtless knew the parties, and he disregarded it.   Under the circumstances, his conclusion upon this question of fact ought not to be disturbed.   He granted the divorce from bed and board; allowed the wife an attorney's fee, which appears to be reasonable, and twenty-five dollars per month as alimony, *pendente lite,* after the expiration of twelve months covered by the agreement between the parties; also, five hundred dollars as permanent alimony, and subjected so much of the land as might be necessary to the payment of these sums.   In view of the husband's circumstances and condition in life, these allowances of temporary and permanent alimony were reasonable.   It is evident the conveyance of the land to Lucinda Loving was fraudulent.   It was worth from two to three thousand dollars.   The year before its conveyance to her she gave in scarcely any property for taxation, while the next year her estate, considering her evident condition in life, grew amazingly.   It is significant that she does not testify. The deed to her was acknowledged March 2, 1890, but not recorded until nearly six months thereafter.   Moreover, it appears a rule against the husband for failure to pay the *pendente lite* allowances, and the case upon the merits, were heard together; he was a witness in his own behalf to purge himself of the contempt for failure to pay, and admitted that he paid over a thousand dollars of the purchase money for the land.

The testimony as to the general reputation of the wife as to being high tempered was incompetent.   The general reputation of either party for good or bad temper

can not be shown in a divorce suit. (Brown on Divorce and Alimony, p. 126.)

Complaint is also made because the testimony relative to the general reputation of the wife for unchastity was excluded. In civil actions evidence of general reputation is not admissible unless the proceeding be such as to put the character of the party directly in issue. The charge was adultery by her. She should not be convicted of such an act upon presumption. It was not a proceeding which put her general character in issue, and the admission of such evidence for the purpose of raising a presumption of her guilt would lead to more of uncertainty and disadvantage than benefit in the administration of justice. (Humphrey v. Humphrey, 7 Conn., 116; Berdell v. Berdell, 80 Ill., 604; Washburn v. Washburn, 5 N. H., 195.)

No exception appears to have been taken, however, to the exclusion of this evidence, and error, if any, was therefore waived. (Civil Code, sec. 589; Terrill, &c., v. Jennings, &c., 1 Met., 450.) We have considered it because counsel have discussed it at length.

An order of continuance in the case adjudges that "the costs of this case" shall be paid by the husband. An order of allowance of alimony, pending the suit, recites that it is to be paid to Mrs. Evans by "the plaintiff." It is evident that in both instances there was a clerical mistake. The meaning is plain. In the one case it was the cost of the continuance, and in the other it plainly meant that the husband was to pay the allowance. Besides, he was, in fact, liable for all the costs of the action, and the final judgment reads correctly as to the payment of the alimony.

In our opinion, the court correctly found that the wife was the party offended against, and the judgment is affirmed.

CASE 93—PETITION EQUITY—NOVEMBER 26.