## Ramsey v. Ramsey.

(Decided February 12, 1915.)

Appeal from Pike Circuit Court.

1. Divorce—From Bed and Board—Grounds For.—Where a divorce a vinculo is sought by the wife on the ground that the husband habitually behaved towards her for not less than six months in such a cruel and inhuman manner as to indicate a settled aversion to her, and to destroy permanently her peace and happiness, although the evidence may not show any act of violence committed by the husband upon the wife, threats of violence, or punishment actually inflicted by him upon her, if it conduces to prove that the conduct on his part complained of is of such a character as to show that he is lacking in affection for her, and so ill-tempered toward her as to manifest a total disregard of the marital relation, and the unhappiness thereby caused the

wife would equal in cruelty actual punishment inflicted upon her, such evidence will at least authorize the granting to her by the court of a divorce from bed and board.

2. Divorce—Discretion of Court as to Granting.—Section 2121, Kentucky Statutes, confers upon courts of. equity the power to grant a divorce from bed and board for any of the causes which allow divorce, or for such other cause as the court, in its discretion, may deem sufficient. The discretion thus allowed the court is not arbitrary or unlimited, but a sound discretion and one to be exercised for such causes as may be deemed to be sufficient, when considered with a just and reasonable regard to the legal rights and obligations of both parties.

3. Divorce—Alimony—When Allowed—Amount of.—If entitled to a divorce from bed and board, the wife is likewise entitled to alimony, and where it is made to appear from the evidence that the husband's earnings as a locomotive fireman amount to not less than $70.00 and occasionally as much as $100.00 per month, he should be required to pay the wife at least $25.00 per month for her support, and $10.00 per month, in addition, for the support of their infant child, two years of age.

J. S. CLINE for appellant.

J. M. BOWLING and ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was instituted by the appellant, Minta Ramsey, against the appellee, Don Ramsey, for a divorce *a vinculo*, alimony, and the custody of their infant child. The grounds alleged in the petition for the divorce were the abandonment of appellant by appellee for one year, failure to provide her a support, that appellee habitually behaved towards her for not less than six months in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness; and such alleged cruel beating or injury and attempted injury of appellant by appellee as indicated an outrageous temper in him and probable danger to her life, or great bodily injury, from her remaining with him.

Appellee filed an answer of two paragraphs, the first containing a traverse and the second alleging, in substance, that appellant had abandoned appellee and his home without cause; that he had properly provided for her and their child and in other respects faithfully performed his marital duties toward her, in many instances going beyond his financial ability in gratifying her wishes, at one time making her a gift of a diamond ring

and gold watch, the ring costing him $160.00 and the watch $23.00. He did not, however, make his answer a counter-claim or ask a divorce.

Appellant's reply controverted the affirmative matter of the answer, except its averments as to the gift of the diamond ring and gold watch, and alleged that these articles were given her by appellee before their marriage.

The circuit court refused appellant a divorce and rejected her claim to alimony, but gave her the custody of the child and required appellee to pay $10.00 per month. for its support; and also to pay a $75.00 *pendente* allowance previously adjudged appellant. From the judgment entered pursuant to these rulings the latter has appealed.

Much of appellee's evidence tended to prove that appellant was irritable in her conduct toward him, often complained of him without cause, and was unreasonably exacting in her demands upon his time and purse; and, further, that he provided for her to the best of his ability, and, to that end, often, at her command, handed to her as much as a month's earnings at a time. Some of appellee's evidence, however, conduced to prove that he was frequently impatient with her, found fault with what she did and sometimes addressed her in offensive terms and with a display of temper that was unbecoming in a husband.

In giving her deposition appellant admitted that she at the end of the month had often demanded of appellee his month's wages and that, in some instances, he had given them to her; but she said such demands were made to prevent him from spending the money for whiskey, which he often drank to excess, and that her purpose in thus obtaining his wages was to use them for the benefit of the family. Other evidence furnished by appellant and her witnesses conduced to prove appellee's surliness of temper, his refusal of her requests for money for the use of herself and child, and that he frequently, without provocation, spoke to appellant in abusive and offensive language. This, according to the testimony of herself, her father, mother and another witness, he once did at her father's house, where she had gone after a quarrel with him, on which occasion, when told by her father that appellant had informed him of his mistreatment of her, he said she was a "damned liar." Another witness

in addition to appellant, testified that she on one occasion at appellee's home heard him say, in a fit of anger following a quarrel he had with appellant, that he would shoot both her and himself; and that at the time of making this statement he had a pistol in his hand, which he did not, however, attempt to use.

We will not discuss in detail the evidence bearing on the grounds for divorce. As in all hotly contested divorce cases, it is conflicting and much of it exaggerated and improbable. Considered as a whole, it shows that appellant since her marriage, which occurred when she was but seventeen years of age, has been so afflicted with ill health that it has in large measure interfered with her performance of the household and marital duties usually expected and required of a wife, and such ill health has also so affected her disposition as to make her at times irritable toward and fault-finding with appellee, as well as exacting in her demands upon him. It is also apparent from the evidence that appellee is a young man possessed of robust health and much animal vigor; that he is coarse-grained and undemonstrative in disposition, also resentful of appellant's ill health and irritability, as well as surly in his bearing toward her. It can well be understood how collisions may occur and marital difficulties arise between two persons of such antagonistic physical and mental qualities, and how the daily occurrence of such difficulties would result in much unhappiness to each of them.

In our opinion, the evidence fairly analyzed fails to establish appellant's right to a divorce *a vinculo*. It falls short of proving the alleged abandonment of appellant by appellee, and, on the contrary, shows his ability to provide her a home and support and his unwillingness to have her remain away from him. It also shows that, though appellee often failed to treat appellant with the affection and consideration to which she was entitled, his behavior toward her was not so habitually cruel or inhuman for six months or any considerable time, as to indicate a settled aversion to her or destroy permanently her peace and happiness; and there was no proof whatever of beating, physical injury or attempted injury of her by appellee that indicated probable danger to her life or great bodily harm to her from remaining with him. In reaching this conclusion we do not overlook the threat shown to have been made by appellee to shoot

himself and appellant; but, as this was the only demonstration of violence ever made by him toward appellant, and his conduct at the time clearly showed the absence of any intention on his part to execute the threat, we are convinced that what he then did and said was a mere game of bluff, resorted to for the purpose of preventing appellant from leaving him as she, in a heated quarrel that then arose between them, threatened to do.

If appellant had been substantially without fault in respect to the matters complained of in the petition, we would be more inclined to grant her the relief asked; but the fault has been partly hers, for she has often been irritable and exacting with appellee when she should have been kind and forbearing. On the other hand, appellee has been more in fault; for, unmindful of her frailness of health and its irritating influence upon her temper, he has treated her with harshness when he should have been gentle and sympathetic; and by his surliness of demeanor and outbursts of temper she has been led to believe that he no longer loves or respects her. We think it manifest from the evidence that appellant yet has an affection for appellee, and while she has at times so acted as to try his patience, such conduct was due to her ill health, of which he had full knowledge before and at the time of his marriage to her. It may be that appellant has not entirely lost his affection for her, but it is apparent from the evidence that it has so waned as to render him indifferent to her happiness and inexcusably harsh in his treatment of her. Although we would be unwilling to declare that the chancellor, on the state of case presented, erred in refusing the absolute divorce asked by appellant, she was entitled to some relief, and this should have been given her in the form of a divorce from bed and board and alimony, such power being conferred upon the court by Section 2121, Kentucky Statutes, which provides:

"Judgment for separation or divorce from bed and board may also be rendered for any of the causes which allow divorce, or for such other cause as the court in its discretion may deem sufficient." Zumbiel v. Zumbiel, 24 R., 590; Evans v. Evans, 93 Ky., 510; Irwin v. Irwin, 96 Ky., 318.

The discretion here allowed the court is not arbitrary or unlimited, but a sound legal discretion, and one to be exercised for such causes as may be deemed to be

sufficient, when considered with a just and reasonable regard to the legal rights and obligations of both parties. In Irwin v. Irwin, *supra,* a divorce from bed and board was granted the wife upon a state of facts strikingly analogous to those of the instant case. In the opinion Judge Pryor, writing for the court, in part said:

"There never was any actual violence committed by the husband upon the wife, nor any threats of violence made, but such cruelty may be inflicted on the wife by exhibitions of a want of affection and a disregard of the marital relation as in its results or effect on the wife would exceed in punishment any blow that might be inflicted upon her person. It must be conceded that the defendant in this case is devoted to his children, and we are not satisfied the evidence before us presents such a state of case as would authorize a judgment *a vinculo matrimonii,* and thus destroy all hopes of reconciliation between these parties; and the statute designed to meet such a case as the one before us provides that 'a judgment from bed and board may also be rendered for any of the causes which allow a divorce, or for such other cause as the court in its discretion may deem sufficient.' This discretion is neither arbitrary nor unlimited, but must arise from a state of fact showing that a separation is demanded for the interest and protection of the life, health or happiness of the party complaining, on account of the conduct and treatment of the one in default. The wife not being entitled to a divorce *a vinculo,* it is proper to inquire upon what ground the separation from bed and board has been granted; for, if such a judgment is not authorized, it will affect the question as to which of the two is entitled to the custody of the infant children. * * * The coldness and indifference on the part of the appellant towards his wife for several years succeeding the separation was such as to render her life almost intolerable, and, while his conduct cannot be said to be inhuman, it bordered on a degree of cruelty that must have tended to destroy her peace of mind and rendered her an unhappy woman. * * * *"

As the estrangement of the parties here concerned is not so great as to render a reconciliation hopeless, it may be that the separation resulting from a divorce *a mensa et thoro,* and the opportunities it will afford

for reflection, would enable each of them to so appreciate the better qualities of the other, and become so tolerant of his or her frailties, as to bring about a restoration of such marital relations as will secure the happiness of both.

If entitled to a divorce from bed and board appellant is likewise entitled to alimony; and, as it appears from the evidence, that appellee's earnings as a locomotive fireman amount to not less than $70.00, and occasionally as much as $100.00, per month, he should be required to pay her at least $25.00 per month for her support and $10.00 per month, in addition, for the support of their infant child, two years of age, whose custody was properly awarded by the circuit court to appellant. The alimony thus indicated is not deemed sufficient for the support of the wife and child, but it is as much as appellee should be required to pay, in view of his straitened circumstances; for it appears from the evidence that he owns no real estate and that the only personal property owned by him is a small quantity of furniture, upon which he is owing a part of the purchase price agreed to be paid for it.

For the reasons indicated, the judgment is reversed and cause remanded, with directions to the circuit court to enter a judgment granting appellant a divorce from bed and board, the custody of the infant child, and alimony of $25.00 per month for her own support and $10.00 per month for that of the child. Of course, it will be proper for appellee to be required to pay the $75.00, *pendente* allowance, as directed by the judgment appealed from.