## Witt v. Witt.

(Decided May 4, 1920.)

### Appeal from Simpson Circuit Court.

1. Divorce—Living Separate and Apart Without Cohabitation—Sufficiency of Evidence.—Testimony of witnesses that when they were present at the home of the parties, plaintiff and defendant, though living in the same house, occupied separate rooms, was not sufficient to sustain the charge of living separate and apart without cohabitation.

2.  Divorce—Cruel and Inhuman Treatment.—In giving evidence to
    sustain the charge of cruel and inhuman treatment, facts and
    not conclusions should be stated by the witnesses. They should
    tell what they saw and heard, and the court will then determine
    whether the conduct of the husband was of such character as
    to amount to cruel and inhuman treatment.
3.  Divorce—Costs.—In an action for divorce, the husband is not li-
    able for the costs of his wife where she is in fault, and has ample
    estate to pay the costs.

WHITESIDES & BRADSHAW for appellant.

C. B. MOORE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

Emma F. Witt brought this suit against her husband,
Charles N. Witt, for divorce and alimony. On final hear-
ing her petition was dismissed at her cost, and she ap-
peals.

The grounds on which the divorce was sought were:
(1) Living apart without any cohabitation for five con-
secutive years next before the application; (2) habitual
behavior towards her by the husband, for not less than
six months, of such a cruel and inhuman character as to
indicate a settled aversion to her, and to destroy perma-
nently her peace and happiness.

At the time the suit was brought, plaintiff was sixty-
seven years of age and defendant sixty-nine years of age.
They had lived together for about forty-five years. She
owned a life estate in a farm worth about $4,000.00,
while he owned an adjoining farm worth $7,500.00 or
$8,000.00. The residence which they occupied was on
plaintiff's land.

We deem it unnecessary to set out the evidence. The
only evidence tending to support the first ground was
the statement of witnesses that, when they were at the
home of the parties, plaintiff and defendant, though liv-
ing in the same house, occupied different rooms. In our
opinion this evidence is not sufficient to sustain the
charge. Burton v. Burton, 184 Ky. 268, 211 S. W. 869.

With respect to the second ground, plaintiff's evi-
dence consisted of mere conclusions by the witnesses
that defendant's treatment of her was cruel or unkind.
In giving evidence to sustain the charge of cruel and in-
human treatment, facts and not conclusions should be

stated by the witnesses. They should tell what they saw and heard, and the court will then determine whether the conduct of the husband was of such a character as to amount to cruel and inhuman treatment. In view of the character of plaintiff's evidence, the chancellor did not err in refusing the divorce on the ground of cruel and inhuman treatment.

Complaint is made of the fact that plaintiff was not allowed her costs, including a reasonable attorney's fee. It is the rule that the wife is not entitled to costs if she is in fault, and has ample estate to pay the costs. Section 900, Kentucky Statutes; Wills v. Wills, 168 Ky. 35, 181 S. W. 619. Here, the plaintiff had ample estate to pay the costs, and several witnesses testified without contradiction that in all her misunderstandings and quarrels with her husband she was the one who was principally at fault. In view of this evidence, we cannot say that the chancellor erred in adjudging that plaintiff should pay her own costs.

Judgment affirmed.