## Bailey v. Bailey.

(Decided October 29, 1920.)

### Appeal from Rowan Circuit Court.

Divorce—Appeal—Award of Increased Allowance to Wife.—While this court has no revisory power over a decree of divorce, it can and will so modify a judgment as to award the wife an increased allowance for the support of a child, where a divorce was granted

the husband on doubtful evidence and the wife has no estate of her own.

B. S. WILSON and T. W. ROSE for appellant.

E. HOGGE and JAMES CLAY for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

In this suit instituted by appellee, an absolute divorce was sought on the ground of adultery. After denying the allegations of the petition, appellant affirmatively alleged that appellee, under the promise of marriage, had seduced her. He was indicted and left the state to avoid prosecution; later he returned and they were married. Alienation of her husband's affections by his relatives, and other counter charges were made. Maintenance for herself and child and a recovery of her costs and attorney fees were sought.

At the time of their marriage appellant was about eighteen years of age and appellee twenty. The lower court granted the prayer of the petition, made an allowance of ten ($10.00) dollars per month for the child's maintenance, allowed an attorney's fee of fifty ($50.00) dollars and dismissed the counterclaim.

This court has no revisory power over a judgment of divorce. Evans, &c. v. Evans, 93 Ky. 510, 20 S. W. 605. We can only determine whether there had been a proper allowance for the support of the wife and child, and the reasonableness of the fee to counsel.

Appellee is employed by the L. & N. R. R. Co., and receives six to seven dollars per day. The couple lived together about two years. Two children were born after the marriage; only one of the three children is now living. Appellant is a poor, uneducated girl.

In substantiation of his charges appellee relies upon the testimony of three witnesses; one a personal friend, with whom appellee attended dances leaving his wife at home alone, and who testifies he had improper relations with appellant several times during June and July, 1917. His testimony does not impress us very favorably; besides this witness does not bear a good reputation.

Appellee's father tells rather an improbable story of seeing appellant and the witness above mentioned in a compromising position on one occasion. Appellee and his companion had been away from home most of the day, returning about sundown. It is claimed that while ap-

pellee was putting the mules away in his father's barn, but a short distance away, the companion walked into appellee's house and was there for about an hour. The father says he was outside the house and through a window saw the occurrence to which he testified. Though he told his son what he had seen the two boys went together thereafter and appellee did not desert his wife until some time later. The testimony of the third witness is not material. Altogether the proof of the charge of infidelity is not convincing. It is regrettable that a girl's character can be brought in question by such doubtful testimony. Several witnesses testify to the good reputation of appellant. However, due consideration should be given to the judgment of the chancellor who is doubtless acquainted with the parties and witnesses and therefore the better able to judge of the merits of the case.

Ten dollars a month is a very meagre allowance; its purchasing power at the present time is not great. Considering the poverty of the wife and her inability to provide the necessities of life for herself and child, the fact that appellee is earning a substantial competence, he should be required to pay at least twenty-five ($25.00) dollars per month for the support of his child, and appellant's counsel should be allowed an additional fee of fifty ($50.00) dollars to be taxed as costs.

A reversal will be ordered with instructions to modify the judgment to the extent indicated.