## Quinn v. Quinn.

June 20, 1939.

Churchill Humphrey, Judge.

288

Edward C. Langan for appellant.

George J. Mayer for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

The appellant, Loretta Biedenbach Quinn, and the appellee, Thomas A. Quinn, were married on August 10, 1935.

At the time of their marriage the appellee was about thirty-one years of age and the appellant some two years younger.

A short while prior to the marriage, upon their becoming engaged, the parties, each of whom was then gainfully employed, pooled their finances and purchased a home, the deed of conveyance being taken in the appellant's maiden name.

Upon marrying, they moved into this home they had bought, together with the house furnishings, on the installment plan, hoping and expecting to there work out and together experience a happy married life.

A son was born to them about the first of the year 1937, who was about a year and a half old at the time the limited divorce was adjudged the wife.

However, even as "the best laid schemes o' mice. and men gang oft a-gley," so did it eventuate in this instance, since almost from the beginning of their married life unfortunate differences, quarrels and controversies arose between the parties, tending to mar and destroy the happiness of their home, without seeming sufficient reason therefor other than the husband's alleged selfish indulgence in excessive drinking.

The wife testified that she remonstrated and pleaded with her husband to give up this drinking habit, which so shadowed the happiness of their home, but that her remonstrances and pleadings went unheeded, with the result, it appears, that the husband continued such

weekend spreeing, when he became abusive and cruel in his treatment of plaintiff.

Under such conditions, the strained relations between the parties became more acute and destructive of their conjugal happiness, resulting in frequent separations of varying periods between them.

The first of these separations occurred within four or five months of their marriage and lasted some ten days, when a reconciliation was effected and their marital relations resumed. In July following, it is alleged, the husband's weekend sprees and excessive drinking again drove them apart, this separation covering a period of nearly six months when they again went back to their home, where they attempted to renew their married life. This reconciliation lasted but for three or four months, when again their home life was alleged destroyed by further drinking indulgences on the part of the husband, upon which occasions it is stated he was not only cruel to and abusive of plaintiff, but that upon some one or more such occasions appellant feelingly testifies he struck and beat her. The third separation of these parties occurred in February, 1937, and lasted six weeks.

In connection with this continued drinking habit, it appears by the record that with a view of again effecting a reconciliation and resumption of their married life, the husband, in the presence of his wife, pledged Father Driscoll, the priest of their church, that he would abstain from drinking any alcoholic beverage for six months. This pledge effected a temporary reunion, for a period of some three months, when the husband again returned, it is claimed, to his drinking habits, which soon resulted in their fourth and final separation on May 18, 1937. The wife, within two days thereafter, instituted this suit against her husband in which she asked that she be granted an absolute divorce, alimony, custody of their infant child, with maintenance, and costs, inclusive of a reasonable attorney's fee, and also an allowance pendente lite for the support of herself and child, which latter was granted in the sum of $60 a month.

The plaintiff alleged in her petition, asking this relief, the following grounds: (1) Defendant's confirmed habit of drunkenness, accompanied by the wasting of his estate; (2) defendant's six months' cruel and inhuman

treatment of her, indicating a settled aversion to her and permanently destroying her peace and happiness; and (3) defendant's cruel beating, injury and attempted injury of her, which indicated an outrageous temper in him and probable danger to her life and great bodily injury from plaintiff's remaining with him.

Further she alleged that she was without any estate or income with which to support herself and child and that by reason of his tender age, requiring her constant care, she was unable to take employment or earn money with which to support herself and child, while the defendant was a strong and able-bodied man, then gainfully employed at a salary of about $120 a month.

The defendant answered, specifically denying each and every allegation of the petition, except that in regard to his being a strong and able-bodied man, able to work and then gainfully employed, but did not make his answer a counterclaim, seeking any affirmative relief against the plaintiff, except dismissal of her petition.

Upon reference of the case to the master commissioner to hear proof and make report of his findings and recommendations thereon, quite a volume of testimony was given by the parties and their several witnesses, at the conclusion of which he filed his report setting out his conclusions and recommendations based thereon, which were to the effect that after a careful consideration of the testimony given by plaintiff and her witnesses, it was his conclusion that same was insufficient to establish the existence of any of the three grounds upon which she sought an absolute divorce, although his conclusion was further that as to the ground of cruel and inhuman treatment, her evidence given in support thereof appeared sufficient to warrant her receiving an absolute divorce, except for the contradictions by the defendant and his witnesses of such testimony. Further, after a full recitation and discussion of the evidence heard and considered by him, it was his conclusion that:

"It appears that all of the good intentions of this unfortunate couple have gone to the bad with little hope of mending; the birth of the baby and the necessity of looking after it have destroyed indefinitely the mother's opportunity to enter commercial life again. Plaintiff has no property of any kind and neither has she any income. The defendant has nothing beyond a salary of about $120.00 per month

as an employee of the **L. & N. Railroad** in the Car Service Department."

Further he found that after the last separation of the parties, the defendant had sought another reconciliation, but that such effort had been ineffectual and also that there was some "relative responsibility" in the case, which required consideration in fixing the alimony. Such being his findings, he recommended that plaintiff be granted a limited divorce from bed and board with defendant; that she be allowed alimony in the sum of $40 a month for a period of six years—that is, a lump sum so payable in installments; that she be given custody of the infant child, together with maintenance for it in the sum of $12 a month until the further orders of the court, each allowance to be paid semi-monthly on the dates that defendant received his salary; that she recover her costs expended, including a fee for the services of her attorney in the sum of $100; and that the defendant should have the privilege of seeing the child under reasonable conditions and circumstances.

Exceptions were filed by each of the parties to the commissioner's report and recommendations.

The cause was submitted to the chancellor upon these exceptions, when he adjudged that the report be confirmed in all respects save and except as to the recommendation made for the payment of alimony by the husband to the wife, which part of the report was overruled and it adjudged that she recover no alimony whatever for her separate support against defendant.

The plaintiff, dissatisfied with this decree of the court, both in respect to its refusing the absolute divorce sued for and in granting only a limited divorce and also in refusing her an award of alimony, has appealed, seeking a reversal of the decree in these respects.

In considering and determining these questions presented, we find it unnecessary to set out with any detail the voluminous testimony heard and considered by the commissioner and also by the chancellor.

It was the conclusion of the commissioner, concurred in and approved by the chancellor, that the evidence of the plaintiff and her witnesses was insufficient to establish any of the three statutory grounds alleged entitling her to an absolute divorce.

Her testimony as to the defendant's drinking and alleged weekend sprees, attended with abusive and cruel mistreatment of the plaintiff, was insufficient to clearly establish the existence of such fact, the burden of proving which she had assumed when asking an absolute divorce upon those grounds. While the evidence showed frequent occasions when plaintiff's husband was drunk and he admits "passing out" on two occasions or that he had drunk liquor to excess, plaintiff's evidence falls short of maintaining the fact alleged of defendant's confirmed habit of drinking, accompanied with a wasting of his estate, as required under the provisions of the applicable statute to entitle plaintiff to an absolute divorce on that ground. Further, neither does the evidence given by plaintiff and her witnesses clearly establish or show any cruel beating or injury of her by defendant, as alleged, in view of such testimony being strongly contradicted and denied by him, especially where such character of mistreatment is not alleged to have been inflicted by the husband on the wife except when in their home and when therefore it was known only by them as to whether or not it had in fact occurred.

Further, while the evidence falls short of satisfactorily establishing the existence of the grounds alleged in plaintiff's petition asking an absolute divorce, it yet discloses that a situation of settled unhappiness and incompatibility on the part of the parties existed, which should entitle the appellant to some relief, though not that of an absolute divorce, where appellant's proof was insufficient to establish the existence of the statutory grounds alleged as entitling her thereto.

As stated in 17 Am. Jur., Section 425, page 356:
"It is the policy of the state to maintain the integrity and permanence of the marriage relation. The court, in hearing a divorce suit, is charged with the duty of protecting the public interests as well as the rights of the parties themselves."

In Honaker v. Honaker, 218 Ky. 212, 291 S. W. 42, 43, these same restraining considerations were thus stated:

"We have frequently, and without exception, declared that the marital relation on account of its sacredness and for the protection of society should not be annulled, except upon positive and competent evidence to establish the legal ground, and that

mere conclusions of witnesses, unsupported by facts fortifying them, would be insufficient to dissolve the bonds. See Witt v. Witt, 188 Ky. 45, 220 S. W. 1065, and Sanders v. Sanders, 184 Ky. 119, 211 S. W. 425. The court therefore was not deprived of authority to grant alimony herein, if plaintiff had not lost her right to apply therefor."

In some jurisdictions, the only form of divorce authorized is an absolute one and the only decree authorized to be entered is one which dissolves the bond of matrimony and changes the status of the parties. However, in this jurisdiction the rule is otherwise, our statute providing that a divorce may be an absolute or a limited one, the effect of such decree of separation from bed and board being merely to relieve the parties of certain marital obligations. Such being the case, although we would be unwilling to declare that the chancellor, on the state of the case here presented, erred in refusing appellant the absolute divorce sued for, we conclude that he has yet properly adjudged upon her proof as presented that she was entitled to some relief, which could and should properly be given in the form of awarding her a divorce from bed and board, such power being conferred on the court by Section 2121, Kentucky Statutes, providing that:

"Judgment for separation or divorce from bed and board may also be rendered for any of the causes which allow divorce, or for such other cause as the court in its discretion may deem sufficient."

See Evans v. Evans, 93 Ky. 510, 20 S. W. 605, 14 Ky. Law Rep. 628; Irwin v. Irwin, 96 Ky. 318, 28 S. W. 664, 30 S. W. 417, 16 Ky. Law Rep. 657; Ramsey v. Ramsey, 162 Ky. 741, 172 S. W. 1082; Metcalf v. Metcalf, 244 Ky. 536, 51 S. W. (2d) 675.

The court, in administering the law of divorce, however, cannot act arbitrarily or refuse a decree of divorce where the plaintiff's evidence adequately establishes his or her right thereto, as it has no discretion as to granting the relief when a case therefor is made out.

As said in the Ramsey case, supra [162 Ky. 741, 172 S. W. 1084]:

"The discretion here allowed the court is not arbitrary or unlimited, but a sound legal discretion, and one to be exercised for such causes as may be

> deemed to be sufficient, when considered with a just and reasonable regard to the legal rights and obligations of both parties.''

Further, the court in the Ramsey case quoted with approval from the Irwin case, supra, as follows:

> "It must be conceded that the defendant in this case is devoted to his children, and we are not satisfied the evidence before us presents such a state of case as would authorize a judgment a vinculo matrimonii, and thus destroy all hopes of reconciliation between these parties; and the statute designed to meet such a case as the one before us provides that 'a judgment from bed and board may also be rendered for any of the causes which allow a divorce, or such other cause as the court in its discretion may deem sufficient.' This discretion is neither arbitrary nor unlimited, but must arise from a state of facts showing that a separation is demanded for the interest and protection of the life, health, or happiness of the party complaining, on account of the conduct and treatment of the one in default."

Further, as stated in the Ramsey case, supra, where the facts shown by the evidence are such as warrant the granting of a divorce from bed and board, the party entitled to a divorce from bed and board is likewise entitled to alimony, which in such instance should be decreed the wife, its amount to be determined by the chancellor according to the size of the husband's estate, its productiveness, his income and earning capacity, his age, health and ability to labor, as well as the age, health and situation of the wife, which are all to be taken into consideration in connection with the particular cause for which the divorce is granted to the wife. The rule in such case provided by the statute, Section 2122, is that:

> "If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable."

However, this statutory provision, as said in the case of Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243, 245, "does not mean that, if the husband have no present estate, his wife shall not be entitled to alimony. His contemplated probable earnings may be the basis of

such allowance.   Canine v. Canine, 16 S. W. 367, 13 Ky. Law Rep. 124.''

The appellee husband in the instant case is a young man, who, although possessing no estate, is yet able-bodied, in good health and gainfully employed by the railroad company, at a salary of some $120 a month, which earnings or salary may be made the basis, as stated in the Shehan case, for both allowing and fixing the amount of alimony to be paid his wife, it appearing that she has no estate or income, nor is in a position to earn a livelihood, by reason of the duty owing by her to care for and rear their infant child.

It is therefore our conclusions, for the reasons indicated, that the judgment of the chancellor should be and it is affirmed in all respects, save and except that in which it decrees that no alimony shall be allowed or paid by appellee to appellant, and for the error committed, as we conceive, by the chancellor in his decree, in denying same, it is to such extent only reversed, with directions to enter a judgment corrected in such respect and conforming with this opinion, holding her entitled to an award of alimony payable as recommended by the commissioner.