## Smith v. Smith.

April 17, 1945.

716

J. B. Eversole for appellant.

John E. Campbell for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the second appeal of this case. The opinion on the first appeal was delivered on May 2, 1944, Smith v. Smith, 297 Ky. 395, 180 S. W. 2d 275. The original judgment rendered July 1, 1943, granted an absolute divorce to the appellee, Zola Smith, awarded her the custody of the two infant children, then 6 and 4 years of age, respectively, and the sum of $50 a month for their maintenance, but failed to allow her any alimony. She was allowed the sum of $40 as a fee for her attorney. The judgment was reversed on both the appeal and cross-appeal, and it was held that the chancellor should have adjudged alimony to the wife in the sum of $25 a month; that the award of $50 a month for maintenance of the children should be reduced to $25 a month; and that the allowance of $40 to the appellee as a fee for her attorney should be increased to $100. It was also held that the children should be permitted to visit their father at his home one week end in four, commencing on Friday afternoon and ending the following Monday morning. The mandate was filed in the lower court at its September, 1944, term, and on September 23, 1944, a judgment in conformity with the opinion of this court was entered. It was adjudged that the monthly payments of $25 each for alimony and for the maintenance of the two infant children should begin on July 1, 1943, the date of the judgment granting the divorce. On the day the judg-

ment was entered the appellant, Andrew Smith, moved the court to redocket the case and to modify the judgment to the extent that he be given the custody, care, and control of the older daughter and that he have the supervision of her education, and if this could not be done that he be permitted to have both children in his home during the 3½ month vacation period, to be returned to their mother at the commoncement of school after each vacation. The appellant moved that the judgment be further modified so as to provide that the payments of alimony should begin on the date of the entry of the second judgment, and that after the payment of $25 for the month of September, 1944, the alimony be discontinued altogether "because the plaintiff is now making more money than the defendant and is able to maintain herself in the station to which she has been accustomed heretofore and therefore not entitled to alimony from the defendant." The appellee filed a motion for an additional fee of $200 for her attorney for representing her in this court on the first appeal. Proof was heard on appellant's motion to modify the judgment of September 23, 1944, and on appellee's motion for an additional attorney's fee, and both motions were overruled.

Appellant insists that the opinion on the former appeal is unsound in so far as it holds that appellee is entitled to alimony, since it was said in the opinion that neither party had shown sufficient cause to be awarded a judgment of absolute divorce. The former opinion is the law of the case, but, aside from that, we think the conclusion reached was correct under all the facts. The evidence was not sufficient to authorize the judgment of absolute divorce granted by the chancellor, but, as stated in the opinion, it was sufficient to authorize a divorce a mensa et thoro. Where the wife is entitled to a divorce from bed and board, she is likewise entitled to alimony. Quinn v. Quinn, 279 Ky. 286, 130 S. W. 2d 834; Collins v. Collins, 279 Ky. 139, 130 S. W. 2d 37; Burton v. Burton, 184 Ky. 268, 211 S. W. 869; Ramsey v. Ramsey, 162 Ky. 741, 172 S. W. 1082. This distinguishes the present case from Sallee v. Sallee, 298 Ky. 677, 183 S. W. 2d 940, cited by appellant.

The proof taken on the motion to modify that part of the judgment granting alimony does not show such a change of conditions as would warrant a discontinuance

or reduction of the monthly payments. The record on the first appeal disclosed that appellee was a school teacher and had taught school almost continuously during her married life. She is still engaged in teaching at approximately the same salary. There has been no material change in appellant's financial condition or in his ability to work. After the judgment of divorce was rendered he converted his property into cash, and on January 1, 1944, he voluntarily abandoned employment in which he was earning about $5 a day.

Appellant complains because the court in the judgment entered September 23, 1944, provided that the payments of alimony should begin as of the date of the judgment of divorce; that is, July 1, 1943. What was said in the opinion on the former appeal concerning the award for the maintenance of the children applies with equal force to the allowance of alimony. We said: "We are not disposed to disturb the Chancellor's finding in respect to the time appellant should commence the payment of maintenance, in view of all the circumstances of the case. Such questions must be determined by the Trial Court, in the exercise of a reasonable discretion, and we are of the opinion that he did not abuse his discretion in this particular."

On the first appeal we modified the judgment as to the custody of the children, and directed that they be permitted to visit their father at his home one week end in four. No change of circumstances has been shown that would authorize a modification of the judgment in this respect. The children, because of their extreme youth, should not be deprived of their mother's care and supervision for long periods of time. When they are older the chancellor may, in the exercise of a sound discretion, revise this part of the judgment.

Appellee has cross-appealed from so much of the judgment as denied her an additional attorney's fee. On the former appeal we directed that on the return of the case and on proper application the award made to appellee as a fee for her attorney be raised to $100. This was clearly intended to cover all services rendered prior to such application.

The judgment is affirmed on both the appeal and the cross-appeal.