**Alma Jean HADD, Appellant,**

v.

**George Allen HADD, Appellee.**

Court of Appeals of Kentucky.

June 19, 1959.

William A. Young, Frankfort, for appellant.

George Allen Hadd, pro se.

WADDILL, Commissioner.

Appellant, Alma Jean Hadd, instituted this action against appellee, George Allen Hadd, seeking a divorce from bed and board. She also asked court approval of an agreement which she and her husband had executed that gave her custody of their four infant children and a reasonable allowance for their support. The Chancellor refused to grant appellant the relief sought and dismissed the action.

The complaint alleged the statutory ground of cruel and inhuman treatment as the basis for the divorce. The proof shows that appellee has become infatuated with another young woman, and that during October, 1958, he informed appellant of this love affair and of his intentions concerning it. According to appellant's testimony, appellee has refused to perform his marital duties, and has further humiliated her by other misconduct which will serve no useful purpose to discuss in this opinion.

Appellant adheres to the Catholic faith and for that reason does not desire an absolute divorce. Appellant's testimony stands uncontradicted as appellee did not testify nor introduce any proof.

We think appellant was entitled to the relief sought under the peculiar circumstances of this case. KRS 403.050 provides:

> "Divorce from bed and board may be rendered for any cause that allows divorce, or for any other cause that the court in its discretion considers sufficient. A divorce from bed and board shall operate as to property thereafter acquired, and upon the personal rights and legal capacities of the parties, as a divorce from the bond of matrimony, except that neither shall marry again during the life of the other, and except that it shall not bar curtesy, dower or distributive right. The judgment may be revised or set aside at any time by the court rendering it."

The discretion conferred by the above cited statute was defined in Ramsey v. Ramsey, 162 Ky. 741, 172 S.W. 1082, 1084, as follows:

> "The discretion here allowed the court is not arbitrary or unlimited, but a sound legal discretion, and one to be exercised for such causes as may be deemed to be sufficient, when considered with a just and reasonable regard to the legal rights and obligations of both parties. * * *."

And a similar limitation upon the Chancellor's discretion is found in Irwin v. Irwin, 96 Ky. 318, 28 S.W. 664, 665; 30 S.W. 417, wherein it was said:

> " * * * This discretion is neither arbitrary nor unlimited, but must arise from a state of facts showing that a separation is demanded for the interest and protection of the life, health, or happiness of the party complaining, on account of the conduct and treatment of the one in default."

We have concluded that the Chancellor abused his discretion in refusing to grant appellant a divorce a mensa et thoro. While a divorce of this character is not the

best arrangement when a legal separation is desired, it seems to be the only solution of this case in view of the fact that appellant is entitled to relief and has not sought an absolute divorce.

The judgment is reversed, with directions to grant appellant a divorce from bed and board and to enter an appropriate judgment in the case.