THE CONTINENTAL INSURANCE COMPANY v. ABRAHAM PRATT.

No. 148.*

1. PARTIES TO ACTIONS—*Assignor not Necessary Party.* In an action founded upon an equitable assignment of a claim for money due on a policy of insurance, the assignor is not a necessary party.

2. PRACTICE, COURTS OF APPEALS—*Evidence in Case-made.* A motion to dismiss a case brought to this court by petition in error, for the reason that the case-made does not contain all the evidence, should be overruled. It is not essential to the validity of a case-made that it contain all of the evidence, nor any part of the evidence.

3. ——— *Error— Grounds of Objection to Testimony.* An assignment of error cannot be predicated on the admission of incom-

*Petition for order to certify denied by supreme court February 11, 1899.—REP.

petent testimony without objection, nor on a general objection, unless the grounds of the objection are apparent.

4. PLEADING—*Allegation Admitted by Pleadings.*  An allegation in a petition of the execution of a written order, which is set out, is admitted by the pleadings, unless the allegation be denied by a verified answer.

Error from Graham district court; CHARLES W. SMITH, judge.    Opinion filed December 22, 1898. Affirmed.

*Wm. B. Sutton,* and *Z. C. Tritt,* for plaintiff in error.

*F. D. Turck,* for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought by Abraham Pratt against the Continental Insurance Company for the recovery of $206.25.   The plaintiff in his amended petition, in substance, alleged :

(1) That on January 6, 1893, James Meyers and Paulina Meyers made and delivered to plaintiff their certain promissory note in the sum of $174.91, and thereby promised to pay to plaintiff that amount, with interest, one year after date ; (2) that the note was given for building material sold and delivered by the plaintiff to James and Paulina Meyers, which was used in constructing a dwelling-house and granary upon the northeast quarter of section 8, township 9 south, of range 25 west, in Graham county, and that the plaintiff filed his lien statement, duly verified, within the time allowed therefor for a mechanic's lien upon said premises ; (3) that the Continental Insurance Company, a corporation, issued its policy of insurance No. 202,028, to James and Paulina Meyers upon the dwelling and granary in the sum of $400 ; that afterward, on the —— day of March, 1895, the dwelling-house was destroyed by fire, and the insurance company, by reason thereof, became indebted to the assured in the sum of $400 ; that on March 19, 1895, plaintiff

was about to commence an action to foreclose his lien upon the premises for the material furnished, and the said Meyerses agreed with plaintiff that the note so held by plaintiff should be paid from the proceeds of the insurance as soon as the same could be adjusted; that in pursuance of the agreement, the plaintiff refrained from commencing suit to foreclose his lien; and that the Meyerses executed and delivered to the plaintiff, on March 19, 1895, in pursuance of such agreement, an order on the insurance company for the amount due plaintiff, as follows:

$206.25.                                            HILL CITY, KAN., March 19, 1895.
*To the Continental Insurance Company:*
  Pay to Abraham Pratt, or order, two hundred and six and $\frac{25}{100}$ dollars, out of any money due us for loss by fire under our policy No. 202,028, as soon as the claim has been adjusted and allowed.
                                                                JAMES MEYERS.
                                                                PAULINA MEYERS.
                                                                  BY PAULINA.

(4) That the plaintiff, prior to the adjustment and payment by the insurance company of the amount of insurance money to said Meyerses, presented the order to the insurance company; that thereupon the company agreed with plaintiff that it was liable for loss under the policy, and that it would notify the plaintiff when such insurance would be adjusted; (5) that the insurance company wrongfully conspired with James and Paulina Meyers to cheat and defraud the plaintiff, and did secretly adjust and pay the claim to them in the sum of $291 in May, 1895; that the insurance company did at that time represent and inform the plaintiff that the claim had not been allowed, but afterward, and on the 25th day of June, 1895, the insurance company informed the plaintiff that it had adjusted the claim, and had given Meyers the option of accepting $291, in full for the loss, or to have the company rebuild the property; that these statements were false and known by the insurance company to be false, and were made for the purpose of misleading, cheating and defrauding the plaintiff; and that the plaintiff relied upon such representation, and by reason thereof was prevented from collecting his just debt against James and Paulina Meyers; wherefore, on

account of the wrongful and fraudulent acts of the insurance company, plaintiff asked judgment in the sum of $206.25, with interest at the rate of ten per cent. and costs of suit.

The defendant insurance company's answer contained: (1) A general denial; (2) an admission of the issuance of the policy of insurance for the amount stated, with loss, if any, payable to James Meyers, of the destruction of the property by fire, and that the loss had been adjusted and paid to James Meyers; (3) a denial that the plaintiff ever had any lawful assignment of the claim and demand sought to be recovered by the plaintiff of the answering defendant prior to the adjudication and payment of the loss under the policy of insurance, as set forth in the plaintiff's petition. Neither the petition nor the answer was verified.

The case was tried by the court without a jury, on the issues thus formed, and the trial resulted in findings and judgment for plaintiff in the sum of $228.90. A motion for a new trial was filed and overruled, and the case is presented to this court for review.

The first question presented is on the motion of the defendant in error to dismiss. He challenges the sufficiency of the record brought to this court on two grounds, the first of which is that there is a defect of parties. The plaintiff below does not set out any cause of action against James and Paulina Meyers, and they are not parties to the judgment sought to be reversed herein. The authorities cited by defendant in error do not apply to the question here presented. In each of the cases there was either a joint judgment, or the alteration of the judgment would vary its effect. The Meyerses are not necessary parties to this proceeding.

The second ground for a dismissal is that the evidence offered on the trial is not all contained in the record. The precise contention is that the policy of insurance is not copied in the record. There was no dispute in the trial court, nor is there any here, as to the provisions of the policy of insurance. The conditions of the policy, after the company concedes its liability thereon, could have no possible bearing on any question presented in the trial of the case. The case-made need not contain all of the evidence; it is only necessary that it contain as much of the evidence as is necessary for the determination of the questions presented. The motion to dismiss must be overruled.

We will examine the assignments of error in the order presented. It is first alleged that the trial court erred in overruling the defendant's demurrer to the amended petition. The contention herein made is that the premises destroyed by fire constituted the homestead of the Meyers family, and were held by James Meyers as a government homestead under an act of congress approved May 20, 1862, to secure homesteads to actual settlers; that the patent had not been issued at the time of the purchase of the building material, and for that reason the property was not subject to sale; and that therefore the lumberman's lien for material was void. A sufficient answer to this is that none of these supposed defects appear on the face of the petition. The demurrer was properly overruled.

It is next claimed that the court erred in admitting incompetent evidence. The contention here made is that the court improperly admitted the testimony of witnesses Flinn and Pratt. No objection was made to the testimony of Pratt; an objection was made, however, to the testimony of Flinn, but the grounds

of the objection were not stated.   The objection was, therefore, properly overruled.   (*Humphrey v. Collins*, 23 Kan. 549 ; *The State v. Asbell*, 57 id. 406, 46 Pac. 770.)

The third, fourth and fifth assignments of error are that the judgment is not supported by the evidence, and in support of these it is first contended that the buildings and real estate were the homestead of James and Paulina Meyers.   There is not a word of testimony in the record to indicate that the premises were occupied as a homestead.   The only possible intimation in the record of such occupancy was contained in a patent offered in evidence by the defendant.   This patent tended to show that the lands in question were at some time prior to the 24th day of July, 1894, occupied as a government homestead.   The defendant, at the time it offered the patent in evidence, expressly stated that "the Continental Insurance Company offers in evidence the patent from the United States government for the purpose of showing that the title of the real estate at the time of the loss sustained by Meyers, which was paid by the insurance company, was in James Meyers."   The patent might very properly have been introduced as tending to show that the real estate was, at one time, the homestead of Meyers, but had it been introduced for that purpose the question of homestead might then have been determined by the trial court.   This court cannot assume, for the purpose of overthrowing the judgment of the trial court, that such homestead existed.

It is next contended that the order for the payment of the insurance money was not executed by James and Paulina Meyers, but that the same was executed by Paulina Meyers for herself and husband, and that there was no evidence tending to show that Paulina

had authority to sign her husband's name, and for that reason the order does not amount to an equitable assignment. This contention is not tenable. The plaintiff alleged in his petition "that Meyers and Meyers executed and delivered to the plaintiff; on March 19, 1895, in pursuance of an agreement, an order on the insurance company for the amount due plaintiff."

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account, duly verified by the affidavit of the party, his agent or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney." (Gen. Stat. 1897, ch. 95, § 108; Gen. Stat. 1889, ¶ 4191.)

The answer was not verified; therefore the execution of the order was admitted.

It is finally contended that the order is without consideration, for the reason that the mechanic's lien is void. At the trial the insurance company did not contest the validity of the mechanic's lien, but expressly admitted the execution of the note and the filing of the lien statement. It appears to us that the existing indebtedness of Meyers to Pratt would be a sufficient consideration for the execution of the order, even though the mechanic's lien was invalid.

There remains but the one question, Does the order amount to an equitable assignment? It was for less than the full amount due from the insurance company to Meyers. The plaintiff testified that the insurance company's general adjuster stated that he would notify the parties holding the order, after an adjustment and prior to the payment of the insurance money. This was contradicted by the defendant. Upon the whole

case, we conclude that the order amounted to an equitable assignment of the claim, of which the insurance company has notice, and for the payment of which it is liable.

The judgment is affirmed.