## London v. London.

(Decided November 17, 1925.)

### Appeal from Simpson Circuit Court.

1. Witnesses—At Common Law, Neither Husband Nor Wife could Testify Against Other in Civil Action.—At common law, neither husband nor wife could testify against other in a civil action.
2. Constitutional Law—Supreme Court Cannot Extend Exceptions Provided by Legislature for Giving of Testimony by Husband and Wife Against Other.—Legislature, under Civil Code of Practice, section 606, having provided that divorce is the only civil action in which testimony of husband and wife can be given against the other, Supreme Court is without power to extend exceptions by providing other actions in which such testimony can be given.
3. Divorce—Evidence Considered on Issues of Divorce May be Considered on Incidental Issues as to Alimony.—Evidence properly introduced on issues of divorce may be considered in that action on incidental issues as to alimony.
4. Husband and Wife—Alimony May be Recovered in Distinct Action, and is Not Controlled by Statutory Provisions Relative to Divorce.—Alimony may be recovered in specific and distinct action, in view of Civil Code of Practice, sections 420, 424, Ky. Stats., section 2117, and action for alimony is not controlled by provisions of Civil Code of Practice,, sections 422, 423, requiring residence in state for one year in divorce cases.
5. Witnesses—Evidence of Wife's Testimony Held Inadmissible in Action for Alimony.—Though, under Civil Code of Practice, section 606, wife can testify in a divorce action, it is manifest that her evidence is inadmissible in action for alimony, where statutory grounds for divorce do not exist.
6. Husband and Wife—Wife Entitled to Allowance for Attorney Fees in Unsuccessful Action for Alimony.—In action for alimony by wife, where husband and wife were separated, held that, although proof was insufficient to secure alimony, nevertheless she was entitled to allowance for attorney fees.

WHITESIDES & BRADSHAW and LAWRENCE B. FINN for appellant.

C. E. EVANS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Dr. Willis London and Mrs. Gertrude Leek were married on June 20, 1923. Each of them had been married before, and each of them had theretofore been a

party defendant in a suit in which a divorce was granted to his or her respective spouse. The doctor was past sixty years of age, but robust and healthy. The bride was near fifty and also possessed good health. At the time of their marriage the doctor was engaged in the practice of his profession at Franklin, where he owned a substantial residence; however, he had rented his residence with the exception of one or two rooms and was taking his meals with his tenants, who were unwilling to board his wife, and for a time she took her meals with her mother, who ran a boarding house in that city. The tenants vacated the premises in September and the doctor had the house refurnished in a liberal way and to the satisfaction of his wife, and secured the services of a housekeeper who performed the menial services.

Prior to their marriage Mrs. London had been a saleslady in a department store. After her marriage her husband objected to her engaging in such employment but had her to assist him in the treatment of patients at his home and for which he proposed to pay her a salary. Marital differences arose and on the 12th of December Mrs. London left her husband's home and three days later filed this action for alimony, based on the allegation that her husband "habitually behaved toward her in such a cruel and inhuman manner as to permanently destroy her peace and happiness." She also asked for maintenance during the pendency of the action and an allowance for attorneys' fees. On final hearing the court awarded her $1,500.00 alimony and $250.00 for her attorney's fee, from which the defendant appeals.

It appears from the evidence that the defendant is brusque and arbitrary in manner and possessed of a strong and domineering will, but nearly all the witnesses who saw and observed the parties testify that he was thoughtful and considerate of his wife; and that he deferred to her wishes, tried to please her and was loyal to her in every way, and that he did all that could be required of a husband under the circumstances of life in which the parties lived and moved.

Plaintiff admits that ordinarily her husband manifested the qualities mentioned while in the presence of others, but in her own behalf testifies that when they were alone he manifested an entirely different disposi-

tion. To illustrate: He declined to accompany her to church or to any place of amusement and objected to her going alone or with any one else, especially to the motion picture shows which she sometimes attended in company with her sister. Also he had authorized the cashier of the bank at which he was doing business to honor checks to which she signed his name, but privately informed her that he had no money in bank and practically forbid her drawing such checks. In the privacy of their room he was continuously indulging in captious and carping criticism of her conduct and of her extravagance and nagging her about inconsequential matters and finding fault with everything she did or said, carrying this to the extent of abusing her because she had placed a photograph of her dead son upon the mantel of their room. Many instances of a similar nature are recounted by her, reaching a climax when he lost his temper over a bathing cloth which he found hanging in the bathroom and which led to a quarrel resulting in his telling her to leave his residence, which she did a day or two later.

All of this is denied by the defendant, who claims that he supplied his wife liberally and treated her kindly in private as well as in public; that he offered to go to church with her and only objected to her going out at night because of his solicitude for her health, this being occasioned both by reason of being her husband and her medical adviser. At first their relations were pleasant, but later she took offense at his declining to permit her father's family to live in the residence with them and became quarrelsome and abusive. She desired him to deed her his property and upon his refusal to do this she abused and cursed him and told him to take his d—d old house and go to h— with it." From this their relations became more strained, until finally she voluntarily left and abandoned him.

While there is some corroboration of plaintiff's testimony in material matters, the great weight of outside testimony is as above suggested in favor of the husband. Perhaps the evidence is sufficient to sustain the finding of the chancellor if the wife is a competent witness, otherwise it is not, and as proper objections and exceptions were filed to the evidence of each party the case turns upon this point.

At common law neither husband nor wife could testify against the other in a civil action. Section 606 of the Civil Code provides:

"Neither the husband nor his wife shall testify while the marriage exists or afterwards concerning any communication between them during marriage. Nor shall either of them testify against the other . . . except in an action for divorce where the grounds relied upon are those provided in section 2117 of Carroll's Ky. Statutes, paragraphs 2 and 3, as follows: 'Habitually behaving toward her by the husband for not less than six months in such a cruel and inhuman manner as to indicate a settled aversion to her or to destroy permanently her peace or happiness. Such cruel beating or injury or attempt at injury, of the wife by the husband, as indicates an outrageous temper in him, or probable danger to her life, or great bodily injury from her remaining with him;' that either or both of them may in such case testify."

It will be observed that this section follows the common law in a general exclusion by denying the right of either spouse to testify against his consort, and that this provision is an exception thereto and refers only to one cause of action.

The legislature having thus prescribed the only civil action in which such testimony is admissible, the court is without power to extend the exception by providing other actions in which such testimony may be given. It is argued that alimony is ordinarily incidental to an action for divorce; that when sought in an independent action it must be based upon grounds sufficient to at least authorize a divorce *a mensa et thoro,* and that in authorizing this evidence in actions for divorce for the causes named, the legislature must have meant to include actions for alimony based upon the same grounds, because no reason can be shown for its admissibility in the one action that is not equally applicable to the other. However, the reaonableness of such inclusion was addressed to the legislative discretion and not to this court which must construe the statute as written.

True, a claim for alimony is generally included in an action for divorce, and any evidence properly introduced upon the issues as to divorce may be considered in that action upon the incidental issues as to alimony. It is,

however, further true that alimony may be recovered in a specific and distinct action as is sought in this case; this right exists independently of any statutory provision. Hulette v. Hulette, 80 Ky. 364; Butler v. Butler, 4 Littell 206; Lockridge v. Lockridge; 3 Dana 29, and its existence is recognized by both Code and statute. Civil Code, secs. 420 and 424; Ky. Statutes, sec. 950. Not only so but it has been specifically held that an action for alimony is not controlled by some of the Code provisions relating to divorce; thus sections 422 and 423 of the Civil Code require residence in the state for one year to be alleged and proved in divorce cases. In Hulette v. Hulette, *supra,* it was held that as no mention was made of alimony in those sections, that they should be restricted to actions for divorce; and that an action for alimony might be brought by a wife who had resided in the state for less than twelve months, thus showing that both the courts and the legislature recognize a distinction between the two actions, and that when the legislature intends for an act to relate to alimony it uses that word in the act, and does not use the word "divorce" as inclusive of it.

The principle that exceptions to statutes of a general nature are strictly construed are of such uniform application that citation of authority is deemed unnecessary. The exact question, however, was decided in Selders v. Selders, 8 Kan. App. 428, in which under a similar statute the wife was denied the right to testify in alimony proceedings.

Appellee relies on Williamson v. Williamson, 183 Ky. 435, but that case was decided on the evidence of other witnesses without expressing any opinion as to the admissibility of the wife's evidence, hence it does not conflict with the views expressed, *supra.*

Aside from this it will be observed that the plaintiff did not reside with her husband for a period of six months, indeed the petition in this suit was filed within less than six months from the date of their marriage. The statute requires cruel and inhuman conduct to continue for a period of not less than six months to constitute a ground for divorce. The husband may behave in a cruel and inhuman manner and yet the love of his wife constrain him to do better. Mere disagreement and casual mistreatment do not authorize a final separation, as this may be temporary in character and not conclusive of the rights of the parties, hence the legislature fixed

six months as the minimum period of habitual cruel conduct at which the court is authorized to find a settled aversion upon the part of the husband, and a permanent destruction of the wife's happiness. It follows that the statutory ground for a divorce did not exist and that under the Code provisions the wife could not have testified even in a divorce action. It is, therefore, manifest that in any view of the case her evidence is inadmissible in an action for alimony. But it does not necessarily follow that the wife is not entitled to an attorney's fee. The matter was one upon which attorneys might differ in judgment. The husband and wife were separated, and from her version of the matter his action constituted an abandonment of her. If she could have proven the alleged facts by other witnesses she would have been entitled to alimony. This was undertaken by the attorney who has performed intelligent and active service for her. Unfortunately for her and also for him the proof was insufficient, and as the allowance to counsel is to some extent affected by the result of the services, this tends to reduce the amount of his fee, but as he has represented appellee in this court as well as in the lower court we think the allowance of $250.00 reasonable for his services in both courts. Appellant should also pay the costs in both courts.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.