## G. C. Honaker v. Victoria Honaker.

(Decided February 11, 1927.)

### Appeal from Pike Circuit Court.

1. Divorce—Divorce Decree Obtained on Constructive Service, which Facts, Though Not Relied on, Authorized, Held Not Void but Erroneous, Where no Grounds Existed (Civil Code of Practice, Section 57, Subsection 4).—Decree of divorce obtained on constructive process for wrongful abandonment, against wife continuously absent from state for more than four months before suit was filed, which, under Civil Code of Practice, section 57, subsec. 4, is grounds for constructive service, though not relied on in action in which residence of wife was debatable question, held not void but only erroneous, where evidence did not sustain grounds for divorce.

2. Divorce—Husband Obtaining Divorce on Constructive Process, if Mistaken as to Legal Residence of Wife, is Not Thereby Guilty of Fraud and Perjury as Respects Court's Jurisdiction.—Husband suing wife for divorce on constructive process, if mistaken as to actual legal residence of wife, is not by reason thereof guilty of intentional fraud and actual perjury for purpose of giving court jurisdiction.

3. Divorce—Positive and Competent Evidence Establishing Legal Ground is Necessary for Annulment of Marital Relation.—Marital relation should not be annulled except by positive and competent evidence establishing legal ground, and mere conclusions of witnesses unsupported by facts are insufficient.

4. Divorce—Wife Sued for Divorce Under Constructive Service May Proceed for First Time to Obtain Alimony After Final Judgment (Civil Code of Practice, Section 414).—Under Civil Code of Practice, section 414, wife sued for divorce under constructive service may proceed for first time to obtain alimony after final judgment granting divorce.

5. Divorce—Wife Sued for Divorce Under Constructive Service May Have Same Relief that Other Nonresident Defendants are Entitled to Except to Avoid Divorce Decree (Civil Code of Practice, Section 414).—Under Civil Code of Practice, section 414, wife sued for divorce under constructive service is entitled to same relief that other nonresident defendants have except that divorce decree may not be avoided, though it be erroneous and avoidable if it had been different character of judgment.

6. Divorce—Action to Set Aside Divorce Decree and for Alimony is Treated Same as Motion in Original Divorce Action.—Independent action seeking to set aside divorce decree and asking judgment for alimony is equivalent to motion in original divorce action, and court has jurisdiction to grant alimony.

7. Divorce—Allowance of $25.00 per Month Alimony Against Husband, Obtaining Divorce, Earning $125.00 per Month and Owning Some Property, Held Proper.—Allowance of $25.00 per month alimony to wife against husband, who had previously obtained divorce and was earning $125.00 per month and owned property, held proper.

L. J. MAY for appellant.

DAUGHERTY & BARRETT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming on both the original and cross appeals.

In 1921 the appellant and defendant below, G. C. Honaker, and the appellee and plaintiff below, Victoria Honaker, were married. At that time plaintiff lived with her father at Coulwood, Virginia, her mother being dead. The couple bought some additional furniture and moved into the residence of plaintiff's father and resided there for some time, when defendant purchased a restaurant in Pikeville, Kentucky, and his wife soon followed him and assisted him in the running of it. They continued that business for only a short while, after which defendant procured other employment that took him away from

home a large part of the time, and plaintiff returned temporarily, as it would seem from the record in this case, to her father's home, where defendant periodically visited her as her husband, and she, either of her own accord or at his solicitation, would occasionally visit him in Pikeville; that that condition continued until April 3, 1925, when defendant filed his petition against plaintiff in the Pike circuit court seeking a divorce from her upon the ground of wrongful abandonment from him without his fault. She was proceeded against by constructive service and a warning order attorney appointed to correspond with her. His first letter to her was returned unopened, but a second one by him was never returned. Plaintiff claims to have never received any notice of the pendency of the action until after the judgment granting the divorce to defendant from her was obtained in July following the filing of the petition, and not until after the adjournment of that term of court.

But, be that as it may, she in August, 1925, filed this action in the same court against defendant in which she attacked the validity of the judgment granting to him a divorce and sought to set it aside, although he had again married in the meantime; and she also alleged therein that defendant owned certain property and possessed an earning capacity of, and was at the time receiving, $125.00 per month, and which was true at the time he obtained the attacked judgment and when he had no dependents whatever upon him. She, therefore, prayed in addition to the setting aside of the judgment that she be allowed alimony in an amount justified by the facts. The issues were made and upon final submission the court refused to set aside the judgment of divorce; but found in effect, after a full hearing in this case, that the adjudged grounds upon which the divorce was sought and obtained did not exist, and defendant was adjudged to pay plaintiff $25.00 per month alimony, which it had the right to do under numerous opinions of this court upon a showing that the divorce was improperly granted, although under numerous provisions of the code and statutes it could not be disturbed.

From so much of the judgment as declined to set aside the granting of the divorce plaintiff has appealed, and defendant obtained a cross-appeal from that part of the judgment allowing plaintiff $25.00 per month alimony. It is argued on behalf of appellee that the divorce judg-

ment was void and that the court erred, under the doctrine of the cases of Newcomb v. Newcomb, 13 Bush 544, and Logsdon v. Logsdon, 204 Ky. 104, in declining to set it aside on the sole ground that it was absolutely void, and which, we repeat, is the only one by which it may be ignored or disturbed, since it may not be reversed or in any wise avoided when only erroneous and voidable, because of the statutory and code provisions forbidding it.

The first inquiry then is: Was the divorce judgment obtained by defendant against plaintiff void so as to bring it within the doctrine of the cases *supra?* The record compels us to give a negative answer to that quqestion. The wife in the divorce action (plaintiff here) was actually absent from the state at the time it was filed and had been continuously so for more than four months, and under subsection 4 of section 57 that fact alone furnished grounds for constructive process. Because, forsooth, the husband in that action might have been mistaken as to the actual legal residence of his wife (if he was so mistaken) does not convict him of intentional fraud and actual perjury in order to give the court jurisdiction, as was held to be true in the two above cited cases. Besides, in the Logsdon case the wife, who was the defendant in her husband's divorce action, was not even absent from the state and none of the various grounds to obtain constructive service existed at the time, and he knew it when he made his affidavit therefor. In the Newcomb case the wife was insane and although absent from the state it was due to her husband, the plaintiff in the divorce proceedings, and not by her intelligent voluntary action; and like the Logsdon case none of the grounds for constructive service, contained in section 57 of the code, existed at the time. We have no such facts here. In the first place, it was a debatable question as to whether the wife prior to the institution of her husband's divorce action had legally changed her residence from Kentucky to Virginia, where she for the time being was sojourning, and had been for practically two years. In addition thereto, there did exist grounds for constructive service (subsection 4 of section 57), and because it was not specifically relied on the omission to do so would not have the effect to render the proceedings wholly void. The court in this case properly adjudged, as we have hereinbefore stated, that the evidence heard in the divorce proceedings in connection with that introduced and heard on this hearing was in-

sufficient to establish the grounds alleged by the husband in his petition for the divorce, and that it was not void but only erroneous.

The evidence heard in the divorce proceedings is before us, being copied in this record, and, apart from any additional evidence heard at the trial of this case, we unhesitatingly conclude that it did not sustain the grounds of the divorce. It involved only conclusions of the witnesses who testified as to the abandonment relied on and they were given in response to leading questions framed so as to require only that character of answer. Defendant was not respresented at the time the depositions were taken and there was no cross-examination of the witnesses.

We have frequently, and without exception, declared that the marital relation on account of its sacredness and for the protection of society should not be annulled, except upon positive and competent evidence to establish the legal ground, and that mere conclusions of witnesses unsupported by facts fortifying them would be insufficient to dissolve the bonds. See Witt v. Witt, 188 Ky. 45, and Sanders v. Sanders, 184 Ky. 119. The court, therefore, was not deprived of authority to grant alimony herein if plaintiff had not lost her right to apply therefor.

We are aware of the rule that where the wife is before the court by personal service she may not proceed for the first time to obtain alimony after a final judgment in the cause and before which she did not make such application, and which was so held in the case of Campbell v.Campbell, 115 Ky. 656, and others following it. But, the doctrine of those cases can not and does not apply to a defendant wife who was brought before the court by constructive service only. On the contrary, she is entitled, under the provisions of section 414 of the Civil Code of Practice, to the same relief that other nonresident defendants are entitled to, except that she may not avoid a divorce decree obtained upon such service although it may be erroneous and voidable by appeal or other appropriate action if it had been a different character of judgment; and we so held in the case of Hughes v. Hughes, 162 Ky. 505. The section of the code referred to prescribes the method by which such nonresident defendants may reopen the judgment within five years after its rendition and obtain the relief to which his showing may entitle him, and in the Hughes case we applied it to a

proceeding by a nonresident wife who had been denied alimony in the prior divorce judgment obtained by her husband.

It is true that the section seems to contemplate the making of a motion in the original cause if still on the docket, or a redocketing of it for that purpose if it had been stricken. But in the case of Parks v. Parks, 209 Ky. 127, we held that an independent action like this in the same court was tantamount to and in effect the same as a motion in the original cause and should be treated as such. Adopting and applying that rule in this case the court had jurisdiction to make such orders concerning the right to alimony as the developed facts authorized. There seems to be no complaint of the amount of the allowance, but, if so, it is indisputably shown that it did not exceed the proper limits in view of defendant's earnings and his ability and capacity to earn.

It is, therefore, our conclusion that the judgment appealed from in its entirety was proper, and it is affirmed both in the original and cross appeals.