## Phelps v. Phelps.

(Decided February 4, 1930.)

GARDNER K. BYERS and BECKHAM OVERSTREET for appellant.

L. D. GREENE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

The parties to this litigation are husband and wife. The appellant and plaintiff below, Marcus Phelps, is the husband, and the appellee and defendant below, Louisa Phelps, is the wife. The petition was filed by plaintiff against the defendant in the Jefferson circuit court, on September 10, 1928, to obtain a divorce on the ground that defendant had abandoned him, without fault on his part, for more than one year. The answer denied the ground relied on, and upon submission, after evidence taken by plaintiff, the court dismissed the petition with

this memorandum: "The petition does not state a cause of action, since it shows that the separation complained of was an agreed matter; there was no abandonment. Petition dismissed."

From the judgment so rendered plaintiff prosecutes this appeal, and has brought to this court, not only the pleadings and other orders of the court made during the progress of the trial, but also the evidence taken by him and heard by the court at the trial. It is doubtful if the latter is sufficient to support the ground relied on, even if plaintiff's pleadings sufficiently alleged it, since the testimony of the witnesses smacks largely of conclusions. But we are not basing our opinion upon that phase of the case, since it is apparent, under the well-established rules of practice, that neither the petition nor any of the pleadings filed by plaintiff charged the ground with sufficient certainty and positiveness to sustain the action based thereon.

The parties were married in 1900 and had two adult children. It is alleged in the petition that the abandonment occurred on November 18, 1926, and that the same day "they (the parties) separated." It is further alleged in the petition that on the same day plaintiff and defendant entered into a contract with regard to their property rights. A part of the preamble to that contract is in these words: "And whereas unfortunate differences have arisen between these two contracting parties since their marriage, and although repeated efforts have been made by these two parties to reconcile their differences, but after careful consideration on the part of both parties they have mutually agreed that it is better for them to live separate and apart." The contract is copied into the petition as part of it, and the original is filed with it as "Exhibit A." The evidence does not contradict the inserted portion of the preamble of the contract, which, under the well-known and universally applied principle must prevail over the averments of the pleadings with which it filed as an exhibit. Therefore the statement in the petition that defendant abandoned plaintiff without fault is contradicted by the statement in the contract saying that because of "unfortunate differences . . . . they have mutually agreed that it is better for them to live separate and apart."

That statement not only shows that the separation was by mutual agreement, but it also appears in the same connection that each of them had made efforts to recon-

cile such differences, and which would include efforts on the part of the wife, as well as the husband, and which also demonstrates that she was not the incorrigible and unwilling partner who opposed a restoration of mutual understanding and happy relationship that should characterize the marriage relation. That both proper pleading and sufficient evidence should appear before a litigant may obtain the relief he seeks in court is so universal that we need not incumber the opinion with cases and authorities in support thereof; and it is especially so in divorce proceedings, the object and purpose of which is to annul and destroy the voluntarily assumed relationship of husband and wife, which is the foundation of civilized society. It is, therefore, essentially proper that courts should look with scrutinizing care into such proceedings, so as to guard against collusion and other questionable methods seeking a destruction of such relationship.

Such scrutiny not only requires that the pleadings should be so framed as to entitle the pleader to the remedy he seeks, but also that his evidence should be clear and explicit. In support thereof are the cases of Sanders v. Sanders, 184 Ky. 119, 211 S. W. 425; Witt v. Witt, 188 Ky. 45, 220 S. W. 1065; Tabers v. Tabers, 195 Ky. 596, 242 S. W. 584, 585, and Honaker v. Honaker, 218 Ky. 212, 291 S. W. 42. In line with what we have just said, we take this excerpt from the Tabers opinion: ''The truth of the matter is that the facility with which divorces may be obtained throughout the country, and the readiness with which at least some of the courts seem to act in granting them, has long since reached the alarming stage, and to the point where it should be firmly curbed and corrected.'' The other inserted cases, and many others which might be inserted, as well as text-writers, are in full accord with that statement. They all recognize that the marriage relationship is the most important one to civilized society, and that the task of severing it is not only a delicate one, but also one of the gravest responsibility on the part of courts, and that they should be thoroughly convinced that the provided and relied-on ground is both clearly alleged and indisputably proven by competent testimony.

We therefore conclude that the court properly dismissed the petition, and the judgment is affirmed.