234 S.W.2d 658 (1950)
COOPER
v.
COOPER.
Court of Appeals of Kentucky.
May 26, 1950.
As Modified on Denial of Rehearing December 15, 1950.
*659 W. E. Faulkner, Hazard, S. S. Willis, Ashland, for appellant.
T. E. Moore, Jr., Hazard, Leslie W. Morris, Frankfort, for appellee.
LATIMER, Justice.
Mrs. Elizabeth D. Cooper prosecutes this appeal from a judgment rendered against her in the Perry Circuit Court. Novel and difficult questions of law are presented.
The parties to this action were married in 1921, and lived together in Kentucky as husband and wife until 1943. In that year appellee, in company with another woman, moved to Florida and established residence there. On June 8, 1944, he instituted an action for divorce against appellant in that state, alleging as grounds cruel and inhuman treatment. Thereafter, on June 16, 1944, appellant filed the present suit in the Perry Circuit Court against appellee to have a deed to Kentucky real estate set aside and in addition sought permanent alimony. Certain of appellee's realty and personalty within the court's jurisdiction were attached. On August 3, 1944, appellant entered her personal appearance in the Florida suit. Then, on September 23, 1944, appellee entered his personal appearance in the Kentucky action, answering and in addition praying for a divorce.
The Florida case was taken to the Supreme Court of that State, Cooper v. Cooper, 158 Fla. 519, 28 So.2d 541, and a decree of absolute divorce was entered in favor of Mr. Cooper. The action was maintained upon an in rem basis throughout. Questions of alimony and property rights were not raised in issue nor mentioned in the decree. Mrs. Cooper merely resisted the divorce.
Appellee then entered this Florida decree as a defense in bar to the Kentucky action. The Circuit Court adjudged that full faith and credit must be accorded the Florida decree, and that it was res judicata and conclusive of the questions presented in this cause. The correctness of this determination is questioned here.
The deed, which appellant asks be declared void and set aside, was to the resident property of the parties in Hazard. The title to the Hazard property was in the name of appellant, but, on October 17, 1938, appellee had her join him in a deed to himself. In 1938, when this deed was made, Section 506, Kentucky Statutes, was in full force and effect. It was not repealed until 1942, KRS 382.050. The Florida decree could in no manner determine the validity of the 1938 deed or be conclusive in regard to it. The validity of a deed of realty is tested by the law of the place wherein the land is located. 26 C.J.S., Deeds, § 11. Consequently, the Circuit Court should have considered and ruled upon this matter.
We now direct our attention to the other phase of the action. Alimony may be recovered in Kentucky in a specific and distinct action. In London v. London, 211 Ky. 271, 277 S.W. 287, 289, it is said: "True, a claim for alimony is generally included in an action for divorce, and any evidence properly introduced upon the issues as to divorce may be considered in that action upon the incidental issues as to alimony. It is, however, further true that alimony may be recovered in a specific and distinct action as is sought in this case, and this may exist independent of any statutory provision. Hulett v. Hulett, 80 Ky. 364; Butler v. Butler, 4 Litt. [201], 206; Lockridge v. Lockridge, 3 Dana [28], 29, 28 Am.Dec. 52, and the existence of this right is recognized by both Code and statute. Civ.Code Prac., §§ 420 and 424; Kentucky Statutes, § 2117. Not only so, but it has been specifically held that an action for alimony is not controlled by some of the Code provisions relating to divorce."
See also Williamson v. Williamson, 183 Ky. 435, 209 S.W. 503, 3 A.L.R. 799. The appellee was within her rights in instituting the present action in the circuit court. In some circumstances alimony has been allowed in Kentucky subsequent to the dissolution of the marriage relation, Honaker v. Honaker, 218 Ky. 212, 291 S.W. 42; Hanks v. Hanks, 282 Ky. 236, 138 S.W.2d 362, 363, and denied in others, Campbell v. Campbell, 115 Ky. 656, 74 S.W. 670, 25 Ky. Law. Rep. 53. Here the action was instituted during the existence of the marriage *660 relation, and maintained concurrently with the Florida suit.
The Perry Circuit Court then had jurisdiction of the parties and the subject matter in a proper action. The general rule is that the pendency of an action in the courts of one state is not a bar to the institution of another action between the same parties and for the same cause of action in a court of another state, nor is it the duty of the court in which the latter action is brought to stay the same pending a determination of the earlier action, even though the court in which the earlier action is brought has jurisdiction sufficient to dispose of the entire controversy. 21 C.J.S., Courts, § 548, page 855.
"Jurisdiction is generally considered to be of a continuing nature. Where jurisdiction of the subject matter is considered to depend on the existence of the marital relation at the time of the institution of the action, and the relation did exist then, the court retains jurisdiction notwithstanding the subsequent granting of a divorce." 42 C.J.S., Husband and Wife, § 615, page 219.
Under ordinary circumstances, the Florida decree would be conclusive of the question of alimony. Hughes v. Hughes, 211 Ky. 799, 278 S.W. 121. A principle peculiar to Florida law, however, creates a distinguishing feature necessitating a result contra to that obtained in the Hughes case, supra. The Supreme Court of Florida in Cowan v. Cowan, 147 Fla. 473, 2 So.2d 869, interpreting Florida Statutes 1941, Vol. 1, sec. 65.08, F.S.A., held that, except in cases of an adulterous wife, permanent alimony could be granted a wife in a suit brought by the husband, where the divorce was granted for the fault of the wife. The effect of this decision is to render the determination of fault upon the part of a defendant wife inconclusive of her right to alimony. Full faith and credit demands do not require that we give greater force and effect to the Florida decree, and matters determined thereby, than given it in Florida. This proposition is fundamental. Scott v. Coleman, 5 Litt. 349, 15 Am.Dec. 71. See also 31 A.J. 144. If the Florida decree would not have precluded the appellant's seasonable demand for permanent alimony there, it should not preclude it here.
We do not undertake to express an opinion in the matter, but it appears to be questionable whether or not, under the Florida law, Mrs. Cooper could have maintained an independent action for alimony, although under the laws of Florida an independent action may be maintained, as in Kentucky. The Florida Statutes 1941, Volume 1, Section 65.09, F.S.A., provides: "If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife."
The Florida courts, in interpreting this section, have held that where alimony is sought without divorce, the applicant must allege and prove that she has legally been a resident and citizen of that state for the statutory period prior to the filing of the application. Miller v. Miller, 33 Fla. 453, 15 So. 222, 24 L.R.A. 137; Donnelly v. Donnelly, 39 Fla. 229, 231, 22 So. 648. Thus, it will be observed, appellant could have found herself in the predicament of having sought affirmative relief, and upon the dismissal of appellee's petition, being left groundless, because of her inability to allege and prove that she had been a resident and citizen of Florida for the statutory period.
Our rule is that no appeal will lie from the granting of a divorce. KRS 21.060(b). One will lie for the refusal to grant alimony to a defendant wife, and alimony may be granted in this Court to a wife found at fault in the circuit court. Winfrey v. Winfrey, 286 Ky. 245, 150 S.W. 2d 689. Since the Florida decree is in effect no more binding upon the question *661 than that of a circuit court, the same may be done here.
The position and conduct of the respective parties has been consistent throughout. The appellee has sought to obtain a divorce in Florida and resist the imposition of alimony in Kentucky; the appellant has sought to obtain permanent alimony in Kentucky and resist the divorce in Florida. Both parties looked to the forum of the Florida courts to adjudicate in regard to the marital res exclusively, and looked to the forum of our own courts to adjudicate in regard to rights in and to property within this State and to the question of alimony. The parties were capable to choose between equally competent tribunals. Having done so, and persisted in the choice, their substantial rights will not go in accordance with the weight of court dockets, but by the laws of the chosen forums.
The situation is somewhat analogous to that presented in Hanks v. Hanks, supra. Therein the wife was allowed to recover alimony subsequent to divorce because of the change in position occasioned by the husband's suit for restoration of property, which was not undertaken in the divorce action. There the wife relied upon the fact that the property was in her name, and consequently did not ask for alimony. Afterwards, when the husband sought to have this property restored, she raised for the first time the question of alimony, insisting that she had relied upon the fact that the status quo in regard to the property would be maintained, and, consequently, had not asked for alimony. In the instant case the wife could and did justifiably and reasonably rely on the fact that the question of alimony was being and would be finally adjudicated in Kentucky. To destroy this accrued right would approach a brutal denial of a basic right.
In order to give full faith and credit to the Florida decree, we are not required to go as far as the Supreme Court of the United States did in the case of Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 1218, 92 L.Ed. 1561, 1 A.L.R.2d 1412, wherein it was said: "The result of this situation is to make the divorce divisible  to give effect to the Nevada decree insofar as it affects marital status and to make it ineffective on the issue of alimony. It accommodates the interests of both Nevada and New York in this broken marriage by restricting each State to the matters of her dominant concern."
Our conclusion does not in any way create for the wife any additional right, nor does it impose upon the husband any additional obligation. These rights and obligations were in existence at the time of the institution of both the Florida and Kentucky actions.
The judgment is reversed with directions to consider and rule upon the question as to the deed, and to hear proof as to the question of alimony.