### TAYLOR v. TAYLOR.

Court of Appeals of Kentucky.

Oct. 2, 1951.

Steinfeld & Steinfeld, Louisville, for appellant.

Robert W. Meagher, Law Department, Louisville, for appellee.

WADDILL, Commissioner.

This case presents several important issues concerning the rights of the parties in the dissolution of the marriage relation.

Mrs. Mary Lee Taylor appeals from a judgment dismissing her petition wherein she sought a divorce, maintenance, and alimony. The court was of the opinion that the action was a collateral attack upon a judgment of the Nevada Court, pleaded as a defense, which granted appellee a divorce from appellant.

Appellant's suit was filed on July 9, 1949. Summons was issued to the Sheriff of Fayette County which was returned with the following endorsement: "Spending summer in Reno Nevado. Not found in Fayette County. July 18, 1949."

An alias summons was served upon appellee on December 8, 1949, by the Sheriff of Jefferson County. Appellee filed answer denying the averments of the petition, then alleged that he and appellant were divorced on September 30, 1949, in the Second Judicial District Court, County of Washoe, State of Nevada. An attested copy of the Nevada decree was filed. Appellant, after denying these allegations, pleaded that while appellee was a resident of this state, he went to Reno, Nevada, on August 31, 1949, sojourning there for a period of six weeks in order to institute an action for divorce against her. She asserts that neither of them was ever a bona fide resident, or domiciled in the state of Nevada; that she was never served with process in Nevada, nor had she participated in the divorce proceedings against her there. She says that by claiming such residence, appellee perpetrated a fraud upon the Nevada court in order to induce it to grant the divorce. The court sustained appellee's motion to strike paragraph two of the reply, wherein appellant attacks appellee's alleged domicile in Nevada. By amended petition appellant sought maintenance pendente lite, and alimony. A special demurrer thereto was sustained. Appellant, having declined to plead further, an order was entered dismissing her action.

Although appellee has not seen fit to file a brief in defense of the judgment entered in his favor, we have considered the question of this court's jurisdiction of the appeal which, by KRS 21.060, would be denied if this were an appeal from a judgment granting a divorce. However, we have no difficulty in concluding that the appeal is not from such a judgment, but is from one denying appellant a divorce upon the theory that the Nevada court's jurisdiction may not be investigated by the Chancellor before giving it full faith and credit under Article 4, Section 1, of the Federal Constitution. Having determined the question of our own jurisdiction, we will proceed to a consideration of the questions presented.

Our first concern is the efficacy of the Nevada divorce decree in Kentucky. The state of Nevada has unquestioned authority, consistent with procedural due process, to grant divorces on whatever basis it sees fit to all who meet its statutory requirements. Its decrees are binding and final in Nevada. The Nevada decree is conclusive only if the Nevada court had power to pass on the merits—had jurisdiction, that is, to render the judgment. Streitwolf · v. Streitwolf, 181 U.S. 179,

21 S.Ct. 553, 45 L.Ed. 807; Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804; M'Elmoyle v. Cohen, 13 Pet. 312, 325, 10 L.Ed. 177, 183.

We recognize that the Full Faith and Credit Clause of our Federal Constitution requires us to accord prima facie validity to the Nevada decree. The burden is on the appellant to escape the operation of the Nevada decree. Esenwein v. Com. of Pennsylvania ex rel., 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608, 157 A.L.R. 1396. However, appellant has questioned by appropriate pleading the extra territorial effect of the Nevada decree, by charging that appellee's alleged domicile in Nevada was not a bona fide one, which means that it was acquired fraudulently, deceitfully, or in bad faith. The pleading of the Nevada decree cannot foreclose reexamination by our Court. Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451, 1 A.L.R.2d 1385.

"It is too late now to deny the right collaterally to impeach a decree of divorce made in another state, by proof that the court had no jurisdiction, even when the record purports to show jurisdiction". German Savings & Loan Soc. v. Dormitzer, 192 U.S. 125, 128, 24 S.Ct. 221, 222, 48 L.Ed. 373. Such was also decided in Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; Id., 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366, wherein the court held that when the divorce is obtained without appearance by, or personal service on the defendant, in a state in which neither of the parties had a bona fide domicile, it is not required to be recognized in a sister state under the Full Faith and Credit Clause of the Federal Constitution. When brought into question, a court of the latter state may go behind the finding of the foreign divorce court as to the jurisdictional fact of domicile in the divorce forum, and find for itself, contrary to the finding of the court granting the divorce, that no domicile in fact existed in the foreign state to entitle the decree to extra territorial recognition. Therefore,

we decide that the court erred in failing to hear proof on the issue presented by the pleadings. The court should find for itself, whether or not the jurisdictional requirement of domicile was lacking in the Nevada Court.

We shall likewise entertain the appeal from that part of the judgment refusing to grant appellant alimony. Winfrey v. Winfrey, 286 Ky. 245, 150 S.W.2d 689. In considering this phase of the case it should be remembered that the questions of alimony and property rights were not before the Nevada court in appellee's divorce suit.

Alimony may be recovered in Kentucky in a specific and distinct action. London v. London, 211 Ky. 271, 277 S.W. 287. In some circumstances it has been allowed subsequent to the dissolution of the marriage relation. Honaker v. Honaker, 218 Ky. 212, 291 S.W. 42; Hanks v. Hanks, 282 Ky. 236, 138 S.W.2d 362.

Appellant's action was instituted in Kentucky during the existence of the marriage relation and before Nevada had any concern with it. Jurisdiction of the Kentucky court over the subject matter of the action continued notwithstanding the subsequent granting of the divorce to appellee in Nevada. Cooper v. Cooper, 314 Ky. 403, 234 S.W.2d 658; 42 C.J.S. Husband and Wife, § 615, page 219. The Nevada divorce decree was allegedly obtained on constructive service in a proceeding in which the wife did not participate. In such cases the pleading of the Nevada decree will not be effective to prevent us from hearing the question of alimony. Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561.

This state has a deep concern in the welfare of a deserted wife and family who is domiciled here. We shall not permit the jurisdiction of our court to be thwarted in the manner allegedly attempted here. Appellant has the right to have her case heard and determined by the Kentucky court as herein indicated.

The judgment is reversed with directions to hear and determine the issue relating

to whether the jurisdictional requirement of domicile was lacking in the Nevada court to grant appellee a divorce and to hear proof on the question of alimony and maintenance.