**Irene DAVIS, Appellant,**

**v.**

**Charles L. DAVIS, Appellee.**

Court of Appeals of Kentucky.

June 21, 1957.

Rodes K. Myers, George B. Boston, Bowling Green, for appellant.

Carroll S. Franklin, Franklin & Franklin, Madisonville, for appellee.

MOREMEN, Judge.

Irene Davis prosecuted this appeal from a judgment dismissing her action seeking a divorce and alimony. She asks a reversal on the grounds that the court erred: (1) in adjudging that full faith and credit be accorded the Nevada divorce decree pleaded as a defense in bar to the divorce action; and (2) in failing to grant her alimony.

The record reflects that appellant filed this action on June 3, 1952. The case was later stricken from the docket, with leave to reinstate on motion. On December 23, 1955, the case was again placed upon the court's docket.

On January 11, 1956, the appellee, Charles L. Davis, filed an answer admitting that he and the appellant were married on June 7, 1943, but otherwise denying the allegations contained in the complaint. Ap-

pellee affirmatively pleaded that he and appellant were divorced on December 24, 1954, by a judgment entered in the Eighth Judicial District Court, in and for Clark County, Nevada, and that the Nevada decree was in full force and effect. A properly authenticated copy of the Nevada decree was filed, and it reveals that Mrs. Davis was before the Nevada Court on constructive service and that questions of alimony and property rights were not raised.

Under the instant record the Hopkins Circuit Court was required to accord prima facie validity to the Nevada Divorce decree. U.S.Constitution, Art. 4, § 1; Esenwein v. Commonwealth of Pennsylvania ex rel. Esenwein, 322 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608, 157 A.L.R. 1396. The burden was on the appellant to escape the operation of the Nevada decree. Taylor v. Taylor, Ky., 242 S.W.2d 747. Since the validity of the Nevada decree was not placed in issue, the Hopkins Circuit Court correctly determined that the Nevada decree dissolved their marriage relation.

█ The next problem concerns whether the Kentucky court is precluded from considering the wife's claim for alimony after the Nevada divorce had been granted.

In Reynierson v. Reynierson, 303 S.W. 2d 252, we recognized the general rule that a divorce decree ordinarily brings to an end litigation over matters which might be raised in a divorce suit, and also pointed out that there were exceptions to this general rule where the ends of justice would not be served by strict application of it.

In a case very similar in fact to this one, Taylor v. Taylor, Ky., 242 S.W.2d 747, 749, (but where the validity of the Nevada divorce was put in issue) we pointed out:

> "Appellant's action was instituted in Kentucky during the existence of the marriage relation and before Nevada had any concern with it. Jurisdiction of the Kentucky court over the subject matter of the action continued notwithstanding the subsequent granting of the divorce to appellee in Nevada. Cooper

v. Cooper, 314 Ky. 403, 234 S.W.2d 658; 42 C.J.S. Husband and Wife § 615, page 219. The Nevada divorce decree was allegedly obtained on constructive service in a proceeding in which the wife did not participate. In such cases the pleading of the Nevada decree will not be effective to prevent us from hearing the question of alimony. Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561.

> "This state has a deep concern in the welfare of a deserted wife and family who is domiciled here. We shall not permit the jurisdiction of our court to be thwarted in the manner allegedly attempted here. Appellant has the right to have her case heard and determined by the Kentucky court as herein indicated."

We believe, therefore, that both parties are entitled to an opportunity to introduce proof on this issue and that the court erred in disposing of this particular claim by granting a summary judgment.

The judgment is affirmed insofar as it dismissed the claim for divorce and is reversed insofar as it dismissed the claim for alimony.