**William H. HOPKINS, Sr., Appellant,**

v.

**Margaret Thompson HOPKINS and Ralph Mitchell, Appellees.**

Court of Appeals of Kentucky.

May 31, 1968.

Rehearing Denied Oct. 18, 1968.

John P. Sandidge, Robert P. Hobson, Woodward, Hobson & Fulton, Louisville, Ben G. Matthews, Shelbyville, D. Paul Alagia, Jr., Louisville, for appellant.

Ralph Mitchell, Saunders & Mitchell, Shelbyville, for appellees.

EDWARD P. HILL, Judge.

This appeal is from a judgment setting apart to the appellee real estate and personalty valued at $93,083 by the chancellor out of a net estate of $200,335.30.

Appellee first urges that the appeal be dismissed for defective designation of the record to be used on appeal. This question was determined by this court

March 15, 1966, by order overruling said motion, which became the law of the case.

Appellant contends that the property awarded to the appellee is (1) "excessive"; (2) that a federal tax liability which will be imposed upon him was not considered by the trial court when it should have been; and (3) that the fee of $5,000 allowed the attorney for appellee is excessive.

The parties were married April 6, 1935. They lived together twenty-nine years and raised two daughters and one son; all are now married. Good management and industry enabled them to accumulate considerable property.

During the pendency of this action, appellant went to Nevada and obtained a divorce. He remarried the day after the decree, but the chancellor disregarded the Nevada decree and granted divorce to appellee. Cf. Taylor v. Taylor, Ky., 242 S.W.2d 747.

■ While there is no rule of law in this state fixing a maximum percentage of the husband's estate to which the wife is entitled by way of alimony, certain factors should be considered by the courts in determining this percentage. For a list of these factors see Yonts v. Yonts, Ky., 329 S.W.2d 209.

■ Under the facts of this case, we do not find the amount of the property award to be excessive. CR 52.01.

■ The record clearly shows that the question of appellant's tax liability was discussed at length by an attorney other than the draftsman of appellant's brief and was considered by the chancellor in his judgment. We find no merit in this argument.

■ Obviously the amount of the fee allowed appellee's attorney is not excessive. Cf. Broida v. Broida, Ky., 388 S.W.2d 617, wherein a fee of 8 percent of the amount obtained in alimony was upheld by this court. The fee allowed herein is slightly

less than 5½ percent of the value of the property given to the appellee.

The judgment is affirmed

WILLIAMS, C. J., and MILLIKEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.