**Frank GRIMES, Appellant,**

v.

**Pauline GRIMES, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1971.

Asa M. Rouse, Rouse & Mathis, Walton, for appellee.

EDWARD P. HILL, Jr., Judge.

This is an appeal from a judgment awarding the appellee lump-sum alimony of $2,600 payable in installments of $25 a week and a 1966 Valiant automobile.

The appellant and the appellee were married on August 10, 1968, at which time Pauline was 54 years of age and Frank was 59. They separated on April 29, 1970. It was Pauline's second marriage and Frank's sixth. Both parties owned some real estate at the time of their marriage, all of which was encumbered by debts. According to Frank's version, his net worth was about $5,000; while Pauline's net worth was about $8,400. At the time of the granting of the divorce to the wife, she was employed, earning about $39 a week; while the appellant was employed at a salary of approximately $600 a month.

We thoroughly agree with the argument of the appellant that the brevity of their marriage should be considered in determining the amount of the alimony. Especially is this so where the parties come under the category of mature citizens with no hope of having a family, where in many instances, the parties are lonely and searching for companionship. See 1 A.L. R.3d 6, § 7(c). It may be true that the alimony allowance to the appellee was liberal, but we cannot say that the chancellor abused a sound discretion in the matter. There is no hidebound rule for fixing alimony. Hopkins v. Hopkins, Ky., 431 S. W.2d 863 (1968), and Jones v. Jones, Ky., 382 S.W.2d 842 (1964).

In view of the numerous factors that may be considered in arriving at a proper judgment in alimony cases, this court should avoid substituting its judgment for that of the chancellor. Burke v. Burke, Ky., 416 S.W.2d 724 (1967).

Peter Beasley, Cobb, Combs & Beasley, Covington, for appellant.

The appellant complains on this appeal that he should have been given credit for $1,120, which he paid as *pendente lite* allowance before entry of the final judgment. We find no merit in this contention.

The judgment is affirmed.

All concur.